Victor Eckler, County Atty., of Waurika, for plaintiffs in error.

J. Berry King and George J. Fagin, both of Oklahoma City, for defendant in error.

## HULLUM et al. v. R. J. EDWARDS, Inc.

No. 29501. June 11, 1940.

*103 P. 2d 527.*

BAYLESS, C. J. R. J. Edwards, Inc., filed an action in the district court of Jefferson County against A. L. Hullum et al., members of the board of education of the town of Terral, state of Oklahoma, and O. B. Garrison et al., members of the excise board of Jefferson county, seeking a peremptory writ of mandamus to require the school district and the excise board to perform their constitutional and statutory duties to estimate, make, certify and collect a tax levy under the provisions of chapter 27, S. L. 1933, 62 O. S. A. § 431, to pay interest on certain matured bonds and to care for the deficit in the sinking fund insofar as it affected the two bonds owned by plaintiff. The writ was granted, and this appeal followed.

In 1919, school district No. 27 issued four bonds of $500 denomination each, two of which have been paid, and two of which matured in April, 1939, and are unpaid and are owned by plaintiff. It seems that sinking fund levies have been made, and the sinking fund account to the credit of these bonds shows a balance of $943.09, and the defendant officials have made a sinking fund levy of $78.91

for the purpose of caring for these bonds. It appears that there is but one sinking fund for all school districts in the county, and that the funds thereof to the amount of $21,816.30 were invested in certain investments that were declared by this court (Sappington v. Board of County Com'rs, 134 Okla. 253, 273 P. 274) to be unenforceable. The investments are carried in the sinking fund at this time, although it is obvious that they are worthless, and since they represent 67.88% of the assets of the sinking fund, the balance to the credit of the school district involved must be devalued accordingly. Therefore, its credit is actually about $302 instead of $943.09. Because these worthless assets are carried in the sinking fund, and are used in making up the bookkeeping credits, the defendant officials have refused to take any steps to care for these matured bonds except as aforesaid. The matter was tried on a stipulation as to facts.

The judgment entered directed the officials to correct their records to show the true condition of the sinking fund by deducting therefrom the worthless investments, and directs them to "make a tax levy for each of said school districts based on the true financial conditions of the sinking fund. * * *"

It will be noticed that the judgment does not in so many words tell the defendant officials to follow chapter 27, supra, but the theory of the plaintiff in his pleadings was that this act is the basis for the relief sought, the parties so stipulated and seem to so treat it in the briefs. Since no authority for additional annual levies existed prior to the act, supra, it is the only authority upon which the trial court could base its writ.

The first complaint made relates to the extension of the relief ordered to several other municipalities that were not parties at the commencement of the action. At the time of the trial it was stipulated that the judgment rendered should also affect certain other named municipalities. We do not understand the basis for the appellants' complaint now. They say:

"* * * for the reason that the above-named districts were not parties to the action and that no consideration of their sinking fund balances could be adjudicated without them being parties to this action. * * *"

We suppose that whoever entered into the stipulation had authority to so bind them, but if such authority did not exist, the defendant officials do not say so. If this judgment is not to be binding as to those districts, it can be raised at the proper time. If appellants, who made the stipulation, had no authority to bind those districts, they have no authority here to question the judgment. Since their argument and grounds are no more definite than has been indicated, we pass further consideration of this point.

Defendant officials do not separately state and number their arguments, but insist the writ was granted erroneously and make a general argument.

It is argued first that the court had no authority to require the officials to overhaul the sinking fund investments in order to make the accounts speak the truth. It needs but little argument to show that the constitutional and statutory duty to establish and maintain a sinking fund contemplates a truthful and effective sinking fund. The fund should bear a realistic relation to the debts that it is designed to service. The owners of obligations supposed to be served by it have a definite and understandable interest in seeing that it is in a solvent and proper estate. Therefore, while a court may not be charged with supervision of the fund, nevertheless a court may decide as a matter of fact or law in a proper action whether the proper officials are discharging their duties with respect thereto; and, if it appears that such officials are using as a factor in said fund worthless and unenforceable investments, the court has a right to so determine, and when it so determines such a fact, it is not to be supposed that the officials would desire to persist in the erroneous practice. The performance of their legal duties contemplates they will be performed according to the law as it

is determined to exist, and since the law contemplates cash solvency (Jones v. Blaine, 149 Okla. 153, 300 P. 369) in the sinking fund, this is not met by the inclusion and retention of worthless and unenforceable investments.

It is also insisted that the writ should not have issued to control discretion nor where there was a plain and adequate remedy at law. We agree.

Prior to the passage of the Act of 1933, supra, there was no levy method such as is provided by that act to care for deficits. If at maturity there was a deficit and bonds could not be paid, the holder could reduce them to judgment and enforce his judgment, or the officials could voluntarily fund the bonds.

We are of the opinion that the language of the Act of 1933, as applicable to a deficit when bonds have matured as herein, is permissive and not mandatory, and only creates another method by which the officials can meet the deficit.

A reading of the act discloses four situations to be met, and in two of them the language used is "shall," and in one of them "authorized and empowered," and in the instance before us "is authorized," thereby indicating a careful use of language by the Legislature. In other words, in a situation such as we have before us, the officials are "authorized," not mandatorily directed, to care for the deficit by levy rather than by funding bonds or by submitting to judgment. Their discretion to not adopt the method provided by the Act of 1933 cannot be interfered with by the courts. This act is an aid to the officials, not a remedy for the bondholders. The bondholder has a remedy by suit. The writ should not have issued to this effect.

The decision, Sutton v. Kalka, 141 Okla. 233, 285 P. 1, and others cited by plaintiff, are not in point, since they relate to the mandatory duty to make the annual levies for the sinking fund during the life of the bonds prior to maturity.

The judgment is affirmed insofar as it undertakes to remedy the use of worth-less and unenforceable assets in the sinking fund, but is reversed insofar as it undertakes to control the discretion of the officials in caring for the deficit.

WELCH, V. C. J., and OSBORN, HURST, and DANNER, JJ., concur.