William S. MORGAN, Mayor; William H. Mattoon, James A. Skinner, Gordon Masters, Rogert C. Poe, Carl D. Riggs, and Guy M. Steele, Jr., all Commissioners of the City of Norman, Oklahoma, a Municipal Corporation, Plaintiffs in Error,

v.

Sidney W. WILSON, Jr., Defendant in Error.

No. 41794.

Supreme Court of Oklahoma.

Feb. 18, 1969.

Fielding D. Haas, Norman, for plaintiffs in error.

Coy H. McKenzie, Norman, for defendant in error.

HODGES, Justice.

Plaintiff, former police chief of Norman, seeks a writ of mandamus to compel the City Commission to grant him a hearing before a board of review to be established for that purpose, to review his·termination as chief of police by the City Manager. Plaintiff took leave of absence to attend a nine month school for the purpose of receiving a degree in police administration and was informed of his termination upon his return. Suit was filed in the district court of Cleveland County. An alternative writ of mandamus was issued and properly served on the City Commissioners and the Mayor. Defendants filed an answer setting out that the charter of the City of Norman did not provide for a board of review, and the sole authority to hire and fire personnel was vested in the City Manager. The trial court found that the plaintiff's position as Police Chief was terminated for cause; that the provision of the state statutes providing for a board of review was an attempt by the legislature to supersede the clear provisions of the charter of the City of Norman in a matter of purely local concern, but ordered the City Commission or its designated representative to review the action taken by the City Manager.

Both plaintiff and defendant appealed from the decision of the trial judge. Parties will be referred to as they appeared in the trial court.

The first question presented in this appeal is whether the City Commissioners are required under the provisions of Title 11 O.S.Supp.1963, § 541s, to establish a board of review to review the firing of the plaintiff.

The plaintiff states that under this section he is entitled to have a board of review hear his appeal. Plaintiff reasons that the statute provides that a policeman can be removed only for cause and that a board of review shall be established for the purpose of hearing cases of aggrieved policemen, and since the city charter provides that a policeman shall be removed for essentially the same reason as the state statute that they are not in conflict and the state statute should prevail. Plaintiff cites no authorities for his reasoning or for any of his argument except the statute and the section of the constitution that allows the legislature to enact laws for police pensions. The section of the constitution is a general provision that is not in question in this appeal.

Before this question can properly be answered it is first necessary to determine if plaintiff comes within the terms or provisions of 11 O.S.Supp.1963, § 541s.

Section 541s appears in Chapter 13A of title 11. This chapter is titled "Police Pensions and Retirement". The historical note following § 541 of this chapter referring to the title, states that this act provides for the creation and implementation of Police Pension and Retirement systems in certain cities and towns. Also § 541a of this Chapter set out in part provides:

" * * * The governing body of any city or town in this State having in its regular employ two or more policemen is hereby *authorized* to establish a Pension and Retirement System * * *." (Emphasis supplied.)

The provisions of this chapter refer to police pensions and retirement. Nowhere in the pleadings, proof, evidence or the briefs of the plaintiff is it mentioned that a pension or retirement is involved. Section 541s does not apply in all cases where a policeman is discharged, but only in those cases where his pension or retirement rights are involved under the provision of Chapter 13A, Sections 541a–541w. Further, there is no reference made that the City of Norman has a pension plan, is authorized or qualifies for one. The term "authorized" used in § 541a, does not mean "mandatorily directed", Hullum v. R. J. Edwards,

Inc., 187 Okl. 408, 103 P.2d 527. It is synonymous with the word empowered, and means that the city may if it qualifies set up a pension and retirement plan if it is so inclined. Plaintiff does not fall within the provisions of chapter 13A, and as such is not entitled to the establishment of a board of review to consider the action of the city manager in discharging him. We find that this part of the judgment should be affirmed.

The trial court, in addition to making the above judgment, ordered the city commission to review the circumstances of the firing of the plaintiff to determine if it was done in accordance with the city charter. In this respect, however, the trial court directed the city commission not to take any action or interfere in the removal or reinstatement of plaintiff regardless of its findings. That portion of judgment is as follows:

"It is further ordered, adjudged and decreed by the court that due to the unusual circumstances surrounding the termination of the plaintiff in this specific case the city commission, in executive session, by designated representatives appointed for such purpose, or by otherwise making such determination, is directed to review the circumstances in this particular case, not for the purpose of interfering in the removal of plaintiff or for the purpose of reinstatement, but to establish that plaintiff was, or was not, discharged on the basis of merit and fitness alone, as is required by the charter."

This portion of the judgment requires the parties to do something that neither sought in the trial court nor support on appeal. It does not appear in the record whether plaintiff made application to the city commission for this type of relief. Before the question of a review by the city commission can be determined by the court, it is necessary for the plaintiff to plead and prove that an application was made and refused. The record is silent regarding any request of this nature made by the plaintiff. It is therefore premature for the trial court to consider and pass on this question.

The portion of the judgment that requires a review by the city commission or its designated representative is reversed.

Judgment affirmed in part and reversed in part.

All Justices concur.