Donald E. SPENCE, Appellant,

v.

James H. NORICK, Mayor, City of Oklahoma City, et al., Appellees.

No. 45064.

Supreme Court of Oklahoma.

July 31, 1973.

Don Hamilton, Carroll Samara, Don J. Harr, Oklahoma City, for appellant.

Roy H. Semtner, Municipal Counselor, Giles K. Ratcliffe, Asst. Municipal Counselor, Oklahoma City, for appellees.

WILLIAMS, Vice Chief Justice.

This is an appeal by petitioner Donald E. Spence from a judgment of the trial court refusing to issue a writ of mandamus requiring the respondents, the City of Oklahoma City, its mayor and the members of its City Council, to establish a board of review for the purpose of hearing petitioner's appeal from the action of the City Manager of Oklahoma City in discharging him from his job as a city policeman, pursuant to 11 O.S.1971, § 541s.

In his petition for writ of mandamus, Spence alleged that he was discharged from the Oklahoma City Police Department by the City Manager on December 18, 1969; that for the years 1964 through 1969 the City of Oklahoma City had received specified amounts of money for the Police Pension and Retirement System under 36 O.S.1971, § 312.1; and that the City had not created a Board of Review to hear appeals by discharged policemen as required by 11 O.S.1971, § 541s. He asked for a writ of mandamus commanding the respondents to create such a board to hear the appeal of petitioner.

The trial court issued what amounted to an alternative writ in the nature of a show cause order, directing respondents to appear and show cause why the writ of mandamus should not issue.

Thereafter respondents filed an "Answer and Return to Alternative Writ of Mandamus" which alleged, in pertinent part, that the petition stated no cause of action in favor of petitioner and against respondents.

Thereafter in an apparent attempt to bring himself within the rule announced in Morgan v. Wilson, Okl., 450 P.2d 902, petitioner amended his petition by adding the allegation, in pertinent part, that "Petitioner's pension and retirement rights are involved," and respondents filed a specific denial of this allegation.

The matter was submitted by agreement of the parties as a question of law only with no issues of fact, and after receiving trial briefs, the trial court entered judgment denying the writ. In the journal entry, the court held in effect that the allegation that "Petitioner's pension and retirement rights are involved" amounted to a conclusion and was not sufficient to raise an issue of fact on that question.

In his motion for new trial, petitioner insisted that the trial court had ruled on a question of fact after the matter had been submitted as a question of law only, and asked for permission to present evidence at the hearing on the motion for new trial. The parties then entered into a stipulation as to such evidence and submitted it for the court's consideration. It was to the effect that Spence was employed as an Oklahoma City policeman from 1964 until he was discharged in 1969; that during that time, he paid a total of $1493.55 into the Police Pension and Retirement System of Oklahoma City; and that pursuant to an applicable Oklahoma City ordinance, Spence had been tendered, and had refused to accept, his accrued interest in the Police Pension and Retirement of Oklahoma City.

The trial court then again held that petitioner's pension and retirement rights were not involved and overruled the motion for a new trial.

In his brief on appeal petitioner argues one proposition only, that "Said trial court erred in that on the 23rd day of November, 1970, when this case came on for hearing before the trial court, it was agreed by the parties and the trial court that there was no question of fact involved in this action, and the matter would be submitted to the trial court upon a question of law and briefs filed by the parties."

This argument is somewhat difficult for us to understand, especially in view of the fact that after petitioner had presented the same argument in connection with his motion for new trial, the trial court received and considered the stipulation referred to above before again holding that petitioner's

pension rights were not involved and overruling the motion for new trial. Petitioner does not complain that he was prevented from offering any evidence he had, and he does not complain that he was prejudiced by the slightly unusual procedure followed (receiving the stipulated evidence on petitioner's alleged question of fact without formally vacating the prior judgment against him).

It is elementary that a pleading should state the ultimate facts essential to the right of action or defense asserted, as distinguished from mere legal conclusions or conclusions of law. 61 Am.Jur.2d Pleading, § 15. "Conclusions" which are terms which do not delineate the facts, and which go no further than to recite the pleader's reactions to, or the inference he draws from undisclosed facts, are improper under established rules of pleading. Bates v. Old Mac Coal Co., Okl., 271 P.2d 315.

We agree with the trial court that the allegation that "Petitioner's pension and retirement rights are involved" is a mere conclusion and raised no issue of fact in this case. There were no allegations in the petition that those circumstances existed in this case. In this connection, trial court found petitioner had not become eligible for pension or retirement benefits.

We also agree that the evidence received without objection in the stipulation did not establish that petitioner possessed any vested pension rights that were involved. The fact that he had worked for Oklahoma City for about five years during which he had paid the required amount into the System and thereafter refused to accept the return of his accrued interest when it was tendered to him falls far short of establishing that he had acquired any pension or retirement rights under the cited sections of the statute.

In Morgan v. Wilson, Okl., 450 P.2d 902, this Court held:

"Sections 541s of Title 11, Oklahoma Statutes, providing for a board of review for discharged policemen, does not apply in all cases when a policeman is discharged, but only in those cases where pension or retirement rights are involved under the provisions of Title 11, Chapter 13A, Sections 541a–541w."

In the body of the opinion, after taking note of the general provisions of the cited sections, this Court said:

"* * * The provisions of this chapter refer to police pensions and retirement. Nowhere in the pleadings, proof, evidence or the briefs of the plaintiff is it mentioned that a pension or retirement is involved. Section 541s does not apply in all cases where a policeman is discharged, but only in those cases where *his* pension or retirement rights are involved * * *". (Emphasis added.)

We hold that the rule from Morgan was properly applied in this case.

The judgment of the trial court is therefore affirmed.

IRWIN, BERRY, HODGES, and LAVENDER, JJ., concur.

DAVISON, C. J., concurs in result.