Lloyd RUDDELL, Appellee,

v.

CITY OF JENKS, By and Through Its City
Manager, Bill DASHNER, et al.,
Appellants.

No. 49243.

Supreme Court of Oklahoma.

Nov. 9, 1976.

P. Thomas Thornbrugh, Frank M. Hagedorn, Hall, Estill, Hardwick, Gable, Collingsworth & Nelson, Tulsa, for appellee.

Jack L. McNulty, Jr., Thomas M. Affeldt, Morehead, Savage, O'Donnell, McNulty & Cleverdon, Tulsa, for appellants.

BARNES, Justice:

The single question presented in this appeal is whether the Trial Court was correct in ordering the Appellants, by Writ of Mandamus, to establish a Board of Review, pursuant to the provisions of 11 O.S. 1971 § 541s, to review the discharge of Appellee, the former Chief of Police of the City of Jenks.

Appellee, Lloyd Ruddell, was summarily discharged from his public employment as Police Chief of Jenks, Oklahoma, by the City Manager on August 19, 1975. The letter of termination, dated August 18, 1975, signed by the City Manager, states only that the termination was due to "the lack of administrative leadership and performance in your (Appellee's) position as Chief of Police."

Appellee, through his attorney, demanded by letter on August 20, 1975, that he be reinstated within twenty-four hours and, in the event reinstatement was denied, gave notice of his intent to appeal to the Board of Review, as provided for by 11 O.S.1971 § 541s. Appellants refused to reinstate Appellee or set up a Board of Review.

On August 26, 1975, Appellants invited Appellee to an Executive Session of the City Council to address the issue of Appellee's termination. Appellee informed Appellants by letter that he would have no objection to reinstatement by the council, but declined to appear. Appellee again demanded that a Board of Review be estab-

lished so that he might request an immediate hearing.

October 8, 1975, Appellee filed a Petition for Writ of Mandamus requesting that a Writ of Mandamus be issued against Appellants commanding them to establish a Board of Review to hear his appeal and make a determination as to Appellee's termination. Appellee alleged in his petition that he was discharged as Chief of Police by the City Manager; that he had served in that position for four and one-half years and had made contributions to the Police Pension and Retirement System for nine and one-half years; that he was over the age of thirty-five years and that by virtue of 11 O.S.1971 § 541x and Attorney General General Opinion No. 69–360 (1970) he would lose nine and one-half years of paying into the retirement system and four and one-half years of police retirement and pension rights that he had vested with Appellant City if his termination were allowed to stand.

The Trial Court caused an Alternative Writ of Mandamus to be issued October 8, 1975, directing Appellants to establish a Board of Trustees as the governing board to hear appeals of police officers, or to show cause for their refusal to do so. Thereafter, Appellants filed an Answer and Return to Alternative Writ of Mandamus which alleged, in pertinent part, that the petition stated no cause of action in favor of Appellee and against Appellants.

At that time the Trial Court heard arguments of counsel and thereafter permitted Appellee to amend his Petition for Writ of Mandamus to contain the additional allegation that Appellee was being denied the benefits of certain vested pension rights inasmuch as his dismissal defeated his rights to a 50% refund of the amount of money he had contributed to the retirement fund. Under an ordinance of the City of Jenks if he had voluntarily terminated his employment, he would have been entitled to a 50% refund of the money he had contributed.

The Trial Court heard further argument by counsel and on December 10, 1975, issued a Writ of Mandamus ordering Appellants to establish a Board of Review as required by 11 O.S.1971 § 541s, to afford Appellee the opportunity to be heard. From that order Appellants appeal.

Title 11 O.S.1971 § 541s provides:

"Determination of one year of service—Discharge of policemen—Board of review—Membership—Appeals.

"The governing body of any city or town, having in its regular employ two or more policemen and establishing a Board of Trustees as in this Act or amendments thereto provided, may by ordinance fix and determine how much service in any year is equivalent to one (1) year of service, but in no case shall more than one (1) year of service be creditable for all service in one (1) calendar year, nor shall credit as service for any period of more than one (1) month's duration be allowed during which the policeman was absent without pay. The governing board of every city or town having a Police Pension and Retirement System, as defined in 11 O.S. 1961, § 541s, shall establish a board of review to hear appeals concerning the discharge of policemen and police officers. Said board shall, except in cities and towns which have, prior to the effective date of this Act, provided for a civil service board of review or merit board to hear such appeals, consist of the Mayor, ex officio, who shall be voting member, and four members to be appointed by the governing board of said city or town, as follows:

"(a) Two (2) policemen, retired or active from the police department of the city or town;

"(b) One (1) attorney and one (1) licensed physician residing in the city or town, provided, that whenever persons meeting the qualifications of this paragraph are unavailable for appointment, the Mayor shall in lieu thereof make the

appointments from the governing board of the city or town, except that neither the police commissioner nor any person having direct appointed authority for police personnel shall be eligible for appointment to said board. Appointive members of the board shall serve at the pleasure of the appointing official.

"No policeman or police officer may be discharged except for cause. Any policeman or police officer who is discharged may appeal to the Board of Review, herein provided. Appeals from decisions of said Board of Review may be taken in the manner provided for in 11 O.S.1961, § 541v. Provided the provisions of this Section relating to the Board of Appeals, and discharge shall not apply to any city or town which has heretofore or hereafter established by its charter, civil service or merit system pertaining to the appointment and discharge of policemen and an independent board or commission having authority to hear actions involving the discharge of policemen. As amended Laws 1963, c. 228, § 1."

Appellee contends that any policeman or police officer is entitled under § 541s, supra, to a hearing before the Board of Review concerning his discharge regardless of whether or not vested pension rights are involved, and that establishment of these Boards is absolutely mandated by § 541s, supra. Appellee further contends that if this Court determines Appellee is not entitled to a hearing before the Board of Review unless vested pension rights are involved that he affirmatively demonstrated to the lower court that such vested rights were involved.

On the other hand, Appellants assert that § 541s, supra, should be construed in light of the entire Police Pension and Retirement Act, Chapter 13A of Title 11, of which § 541s is a mere part. Appellants urge that Appellee's Petition failed to allege facts sufficient to establish that he had any vested pension or retirement rights under the Act, Chapter 13A, 11 O.S.

1971 §§ 541a–541x, and that Appellee's right, if any exists, would merely consist of attempting to receive a refund of contributions—not a vested pension right, but merely an alleged claim to recover money from the Pension Board.

Appellants assert that Appellee's pension or retirement rights are not involved in this case because he does not come within 11 O.S.1971 § 541k, which identified those persons eligible to receive pension or retirement benefits, and provides in pertinent part:

"* * * In order for a policeman to be eligible for such service pension . . . *he must have served for a period of twenty (20) years or more* in some Police Department in the State of Oklahoma of a standard equivalent to that required for eligibility under this act . . . *five (5) years of which service shall have been consecutive immediately preceding the end of such period and with the city or town paying said pension.* . . ." (Emphasis ours)

Thus, Appellants urge that Appellee, having served less than the prescribed twenty (20) years and less than five (5) years with the City of Jenks, has not become eligible for any pension or retirement benefits, and until Appellee has fulfilled all requirements for the award of the pension, including the minimum years of service requirement, the rights do not vest. We note Appellee's brief makes no reference to 11 O.S.1971 § 541k.

Appellee submits that Appellants' judicial construction of § 541s is a distortion of the plain language of the Section and contends that if the Legislature had intended to restrict the establishment of Boards of Review to only those cases involving vested pension rights, it could have done so by the simple expediency of adding certain words of limitation or qualification. The statute says "any policeman or police officer who is discharged may appeal to the Board of Review,"—it does not limit the class to any policeman or police officer who has a vested pension right.

While Appellee was discharged over one year ago, he has never received official communication apprising him of the specific "cause" upon which his employment was terminated. The statute, § 541s, supra, provides no policeman may be discharged except for cause. It is difficult to understand how Appellee can establish whether or not cause existed if he has no forum in which to prosecute his case. It was held in *City of Tulsa v. Board of Trustees of Police Pension and Retirement System of City of Tulsa,* 387 P.2d 255 (Okl.1963), that statutes giving a right of appeal should be liberally construed in the furtherance of justice.

Appellee, in his Petition for Writ of Mandamus, alleged that under 11 O.S.1971 § 541x his involuntary termination will cause him to lose nine and one-half years of contributions into the retirement system. He cites Attorney General Opinion No. 69–360 (1970), which stated that individuals over thirty-five years are not eligible to participate in other municipal police pension or retirement plans. Appellee thus maintains that because he is precluded from being accepted into another such pension plan, after obtaining employment elsewhere as a police officer, he can have no opportunity to transfer any portion of his accrued service credits under § 541x, supra. In addition, in his Amended Petition for Writ of Mandamus, Appellee showed his involuntary termination destroyed his right to a 50% refund of the money he contributed over the last four and one-half years to the City of Jenks. Section VII of the Ordinances of the City of Jenks provides:

"Upon the voluntary termination of employment, and after belonging to the Police Pension and Retirement Fund at least one (1) year, a policeman shall be entitled to a refund of 50% of the amount he has contributed to said fund."

Appellants assert that nowhere in the original Petition for Writ of Mandamus did Appellee indicate he considered his pension or retirement to be in jeopardy, that he was eligible for a pension or being denied one. Appellants state that only after Appellee realized that 11 O.S.1971 § 541s does not apply in all cases, but only when pension and retirement rights are involved, did Appellee urge the theory that by virtue of the Attorney General's Opinion his pension rights were involved.

Appellants rely on the only two authoritative cases our research has disclosed involving the meaning of 11 O.S.1971 § 541s, *Morgan v. Wilson,* 450 P.2d 902 (Okl.1969) and *Spence v. Norick,* 513 P.2d 1295 (Okl.1973). In *Morgan, supra,* a former police chief of Norman sought a Writ of Mandamus to compel the City to grant him a hearing before a Board of Review to be established for that purpose to review his termination by the City Manager. We held therein that the former police chief was not entitled to the establishment of a Board of Review, and said in the syllabus:

"Section 541s of Title 11, Oklahoma Statutes, providing for a board of review for discharged policemen, does not apply in all cases when a policeman is discharged, but only in those cases where pension or retirement rights are involved under the provision of Title 11, Chapter 13A, Sections 541a–541w."

In reviewing that case we find it has no application here. In *Morgan, supra,* unlike the present case, it was stated:

" * * * Nowhere in the pleadings, proof, evidence or the briefs of the plaintiff is it mentioned that a pension or retirement is involved. * * * Further there is no reference made that the City of Norman has a pension plan, is authorized or qualifies for one. * * *"

In the case at bar Appellee has specifically alleged that the City of Jenks established a Pension and Retirement System and adopted by reference the Police Pension and Retirement Act of Title 11, Chapter 13A, Sections 541 through 541x, inclusive of the Oklahoma Statutes. Further, in his

Amended Petition, Appellee states he is being damaged by the acts of Appellants in that he "is not entitled to any refund of the monies he has previously paid into the retirement fund in that he was terminated from the employment."

The other case relied upon by Appellants, *Spence v. Norick, supra,* is perhaps more closely parallel to the case at bar, but we think distinguishable. Spence sought a Writ of Mandamus to compel the city to establish a Board of Review to hear his appeal from discharge as a city policeman by the city Manager. Spence had paid $1,493.55 into the Police and Retirement System of Oklahoma City and pursuant to city ordinance was tendered his accrued interest in that fund, which he refused. He attempted to bring himself within the rule of *Morgan v. Wilson, supra,* by amending his petition and adding that "Petitioner's pension and retirement rights are involved." We held that such an allegation is a mere conclusion and raised no issue of fact in the case. There were no allegations in the petition that such circumstances (involvement of pension and retirement rights) existed in the case. We said therein:

> "We also agree that the evidence received without objection in the stipulation did not establish that petitioner possessed any vested pension rights that were involved. The fact that he had worked for Oklahoma City for about five years during which he had paid the required amount into the System and thereafter refused to accept the return of his accrued interest when it was tendered to him falls far short of establishing that he had acquired any pension or retirement rights under the cited sections of the statute."

We there held the rule from *Morgan, supra,* was properly applied and affirmed the Trial Court in refusing to issue the Writ of Mandamus requiring the city to establish a Board of Review for the purpose of hearing Spence's appeal from the action of the city manager in discharging him.

We think the allegations in the Amended Petition in the case at bar (that Appellee is being damaged in that he is not entitled to any refund of the monies he has previously paid into the retirement fund because he was terminated from the employment) and that he will lose the opportunity to transfer any portion of accrued service credits under the provisions of § 541e, supra, because of his age, raise sufficient questions regarding pension rights to satisfy the requirement in *Spence, supra,* and *Morgan, supra,* that a real and substantial question affecting pension rights be present before § 541s, supra, is applicable.

In *Spence* the applicant did not show that he was being deprived of any valuable pension rights. Here, as we have previously stated, Appellee has alleged substantial damage to his pension rights.

For the foregoing reasons, we hold that the Trial Court was correct in issuing a Writ of Mandamus requiring Appellants to establish a Board of Review, pursuant to 11 O.S.1971 § 541s, to review the discharge of Appellee.

Affirmed.

All Justices concur.