Stephen CHANDLER, Individually for Himself and All Others Similarly Situated, Appellants,

v.

INDEPENDENT SCHOOL DISTRICT NO. 12, EDMOND, OKLAHOMA COUNTY, Oklahoma, et al., Appellees.

Dale FORSBERG, Trustee, Appellee,

v.

Stephen CHANDLER, Appellant.

Stephen CHANDLER, Appellant,

v.

Dale FORSBERG, Trustee, Forsberg Land Development, Inc., Forsberg Inc., Dale Forsberg and Marguerite Forsberg, his wife, Terry Steven Forsberg and Randal Clay Forsberg, their sons, Independent School District No. 12, Edmond, Oklahoma County, Oklahoma; William F. Collins, Jr., Appellees.

Nos. 53565, 53700 and 53701.

Supreme Court of Oklahoma.

Jan. 27, 1981.

Rehearing Denied April 3, 1981.

G. M. Fuller and Joe L. Heaton, Fuller, Tubb & Pomeroy, Oklahoma City, for appellants.

William R. Burkett, Linn, Helms, Kirk & Burkett, Oklahoma City, Rice and West, Edmond, William F. Collins, Jr., McClelland, Collins, Bailey, Bailey & Manchester, Oklahoma City, for appellees.

IRWIN, Chief Justice.

These three cases arise from a series of events surrounding the sale of a tract of land by appellant (Chandler) to appellee (Forsberg) and the acquisition of a portion thereof by Independent School District No. 12, Edmond, Oklahoma. The decisions appealed from were all rendered in the District Court, Oklahoma County, by the Honorable Raymond Naifeh, district judge.

On November 10, 1977, Chandler entered into a contract for the sale of 60.745 acres of unplatted real property[1] located in Edmond, Oklahoma, to Forsberg. The contract was drafted by or at the direction of Chandler, but was primarily composed of terms contained in the offer presented to him by Forsberg. The contract required a $13,000 payment to Chandler upon its execution; payment of $100,368 to Chandler by cashier's check at closing; and the exchange of a warranty deed for a promissory note representing the balance of the purchase price. The promissory note provided for ten consecutive equal annual payments due on September 13 of each year and was secured by a statutory vendor's lien (42 O.S.1971, § 26). The vendor's lien was subject to a partial release provision in the contract. The transaction was closed on November 14, 1977, and Chandler deeded the property to Forsberg.

In December of 1977, the School District filed an action in the District Court, Oklahoma County, seeking to condemn a 16.33 acre tract situated in the unplatted area conveyed to Forsberg. Both Chandler and Forsberg were aware of the School District's intention to locate a middle school in this area prior to the condemnation proceeding. The School District had attempted unsuccessfully to purchase part of the property from Chandler, and the Chandler-Forsberg contract contained the following provision:

> "Should any portion of this property be taken by Eminent Domain by a governmental body for any purpose other than streets, Purchaser [Forsberg] shall have option within ten (10) days after any such judgment of condemnation to cancel and all excess moneys paid over the stated price per acre in the three areas shall be refunded to Purchaser by Seller."

On May 30, 1978, Forsberg and School District entered into a contract settling the condemnation action by providing for the sale and purchase of a substitute tract of 15.22 acres which was also in the unplatted area conveyed to Forsberg. The cash price of this substitute tract was $162,500. Other considerations recited in the School District-Forsberg contract included covenants requiring School District to: (1) pay one-half of the cost of a masonry fence on the south

---

1. One of the issues presented is whether the 60.745 acre tract was platted and the streets and alleys dedicated to the public. Chandler contends there was a common law dedication. Footnote 2 sets forth Chandler's grounds for asserting a common law dedication.

line of the property; (2) pay one-half of the cost of the water main extension across the property; (3) pay the full cost of extending a sewer line across the property; (4) pay the full cost of widening and improving a street abutting the property; and (5) requiring School District to dismiss the condemnation action.

On June 21, 1978, School District filed a dismissal of the condemnation action and obtained an order from the district court disbursing to School District the Commissioners' award of $215,000, which had been deposited by School District with the Court Clerk on May 17. The disbursal order was expressly based upon recognition of School District's dismissal and a finding that School District had never taken possession of the land subject to the condemnation action. Although prior to May 1978, Chandler had examined and proposed changes in a tentative settlement of the condemnation action, he was not notified of the final agreement until after the condemnation action was dismissed.

## I

### Case No. 53,565

On June 26, 1978, Chandler filed an action seeking to enjoin the use of any portion of the 60.745 acre tract by the School District. In addition, Chandler sought damages allegedly incurred by him and others similarly situated resulting from the proposed use of the property and the "illegal" means by which it was acquired. The district court sustained a general demurrer to his amended petition and dismissed the case on February 16, 1979. A motion for new trial was overruled and Chandler appealed.

Chandler's eleven page amended petition and the exhibits attached thereto estab-

lished (for the purpose of ruling on a demurrer to the petition) the facts set forth above. In addition, Chandler contends there existed an unrecorded "proposed preliminary plat" of the 60.745 acre tract and there has been a common law dedication of its streets and alleys. Chandler asserts these facts are sufficient to show multiple causes of action.

▪ First, Chandler contends that acquisition of the 15.22 acre tract by the School District resulted in a substantial interference with his vendor's lien on the adjacent property, thereby entitling him to compensation for a "de facto" taking of property for public use under Art. 2, Sec. 24 of the Oklahoma Constitution. This conclusion is premised on the alleged devaluation of the property subject to his vendor's lien. Assuming such a devaluation has occurred, that fact alone is not sufficient to establish a claim for compensation under Art. 2, Sec. 24. Where an owner's property is not taken and his proprietary right not disturbed, he is not entitled to damages in an inverse condemnation proceeding. See *Empire Construction Company v. City of Tulsa,* Okl., 512 P.2d 119 (1973), cert. den., 414 U.S. 1094, 94 S.Ct. 725, 38 L.Ed.2d 551 (1973); *City of McAlester v. King,* Okl., 317 P.2d 265 (1960) (Syllabus No. 2, by the Court). Although Chandler's petition might be sufficient to allege the existence of "consequential damages", an action on that claim was clearly premature, both as to the legal and equitable relief requested. *Johnson v. Ward, et al.,* Okl., 541 P.2d 182 (1975); *Empire, supra.*

▪ Chandler next contends that by virtue of an unrecorded "proposed preliminary plat",[2] and the parties' conduct, there has

2. In the Chandler-Forsberg contract of sale reference was made to a "preliminary proposed plat" in that part of the contract relating to partial releases. Chandler alleged that the 60.-745 acres he sold to Forsberg were platted as Smiling Hills Addition. In his brief, Chandler relies on this "preliminary proposed plat" and the conduct of the parties, as establishing a common law dedication of the property.

The so-called "preliminary proposed plat" was designated as a "preliminary sketch" by the consulting engineers who prepared it. The legal description of the 60.745 acre tract in the "preliminary sketch" is by metes and bounds, as were the legal descriptions in the Chandler-Forsberg contract and the deed from Chandler to Forsberg. Although the tract lies contiguous to Smiling Hills Addition it was not platted when the Chandler-Forsberg contract was exe-

been a common law dedication of the streets and alleys in the 60.745 acre tract sold by him to Forsberg. Chandler argues that by using the 15.22 acre tract purchased by the School District for school purposes, the public is deprived and divested of the rights they obtained by the common law dedication. Chandler asserts that his amended petition states a cause of action for contravening the public's rights in and to the streets and alleys that were dedicated.

■ We cannot sustain Chandler's contention there has been a common law dedication of the streets and alleys in the 60.745 acre tract. A common law or implied dedication arises by operation of law and is founded on the doctrine of equitable estoppel. *Board of County Commissioners v. Anderson,* 167 Okl. 253, 29 P.2d 75 (1934). All that is required to make such a dedication is assent of the owner, and use of the premises for the purpose intended by the dedication or the purchase of property within a proposed plat in reliance upon such plat. *Williamson v. Needles,* 191 Okl. 560, 133 P.2d 211 (1942); *Board of County Commissioners v. Cottingim,* Okl., 448 P.2d 1014 (1969).

While the amended petition makes clear Chandler's assent to a dedication of the streets and alleys in the area involved, and the Chandler-Forsberg contract refers to "the preliminary proposed plat" there has not been a statutory or common law dedication. Chandler concedes no plat has been recorded and the demurrer did not admit Chandler's allegations that the property had been "platted" where such allegations were unattended by allegations of fact to support them. *Steiger v. Commerce Acceptance of Oklahoma City, Inc.,* Okl., 455 P.2d 81 (1969). The property in the case at bar was not sold according to a plat and was not purchased in reliance upon a plat. Refer-

ence to the "preliminary proposed plat" only related to the necessary payments for partial releases. Chandler's petition did not state a cause of action based upon the contravention of the public's right in the streets and alleys in the 60.745 acre tract.

■ Chandler next contends that the amended petition alleges a cause of action for conspiracy to deny or avoid his procedural rights regarding acquisition of private property for public use. This complaint involves a challenge to the settlement agreement between Forsberg and School District on two grounds: first, the purchase in lieu of condemnation proceedings allegedly caused Chandler "to receive $114,-000 less than he was legally entitled to receive for the 16.33 acre condemned tract to which the School Board already had taken title and possession by the payment of the $215,000 into the Office of the Court Clerk"; and second, it is alleged that School District illegally assumed the responsibility to pay for certain development costs of other property not needed for school purposes but owned by Forsberg. In essence, Chandler contends the School District took possession of the condemned property and that he was divested of certain contractual rights by the wrongful dismissal of the condemnation action in favor of an unlawful contract.

Chandler's allegations in reference to the School District taking "possession" of the property in the condemnation proceeding is insufficient to show that the School District's possession was such so as to give Chandler a vested right of compensation. Unless the School District disturbed the landowner's possessory or proprietary rights in the property the School District could dismiss or abandon the condemnation proceedings. *Eberle v. State ex rel. Department of Highways,* Okl., 385 P.2d 868 (1963); *State ex rel. Department of High-*

cuted. No lots, blocks or streets in the 60.745 acre tract were described by metes and bounds. The reference in the Chandler-Forsberg contract of sale to the "preliminary proposed plat" related to partial releases of five acre tracts or more. Three areas were sketched in on the "preliminary sketch" and the contract specified

the different amounts per acre that had to be paid for a partial release of acreage in each area. Although the legal description of the three areas could be approximated by reference to the "preliminary sketch", none of the three areas had a legal description but only the approximate number of acres were set forth.

*ways v. Waters*, Okl., 376 P.2d 288 (1962); and *Epperson v. Johnson, District Judge*, 190 Okl. 1, 119 P.2d 818 (1941).

Chandler did not allege that School District took actual possession or disturbed the condemnee's possession or proprietary rights. Chandler's allegations were that the School District "did take title to and possession of said property by paying said sum of $215,000 into the Clerk's office." We agree with trial court's finding in its dismissal of the condemnation proceeding that the School District had never taken possession of the property.

Chandler's contention that the sale contract between Forsberg and School District was illegal cannot be derived from the facts presented in Chandler's petition. There simply is no merit in the contention that a School District may not agree to share in the necessary development costs of an unimproved tract of land as partial consideration for a contract to purchase.

Finally, Chandler contends that the amended petition states a cause of action for violation of the Open Meeting Act, 25 O.S.1977 Supp., § 301 et seq., and also states a cause of action for violation of the Master Plan of the City of Edmond. There are no facts pled in support of either cause of action. The petition merely alleged that the sale contract between Forsberg and School District was "secret", and further alleged that "[T]he location of the school on any part of the 60.745 acre tract of land is a flagrant violation of the Master Plan of the City of Edmond." These allegations are mere conclusions and are insufficient and demurrable. *Spence v. Norick*, Okl., 513 P.2d 1295 (1973); *Washington v. World Pub. Co.*, Okl., 506 P.2d 913 (1972).

While a petition must be liberally construed as against a demurrer and all of its allegations of fact must be taken as true, *Matter of Woodward*, Okl., 549 P.2d 1207 (1976), where the petition and exhibits attached thereto, taken as a whole, together with all reasonable inferences which may be drawn therefrom, fail to state facts sufficient to constitute a cause of action, it is not error for the trial court to sustain a demurrer to the petition. *Murray v. Link Oil Co.*, Okl., 353 P.2d 1111 (1960).

The decision of the district court in Case Number 53,565, sustaining a demurrer to the amended petition, is affirmed.

## I

### Case No. 53,700

Soon after Chandler filed suit to enjoin the construction of the proposed middle school (Case No. 53,565) a hearing was held on a request by Chandler for a temporary restraining order. In the course of that hearing Forsberg sought to compel Chandler to execute and deliver a partial release of Chandler's vendor's lien on the 15.22 acres purchased by School District. Forsberg offered Chandler a cashier's check in the amount of $141,688, contending that this offer was in full compliance with the release provision in the Chandler-Forsberg contract and therefore entitled him to the partial release. Chandler refused to accept the check on the sole ground that the medium of tender—a cashier's check—was not "proper", i. e., current coin of the realm.

On July 5, 1978, Forsberg brought this action for specific performance. Forsberg pled performance of all conditions precedent on his part and further pled that he "has always been ready and willing and still is to pay for the release of the said 15.22 acres as provided in said written contract and herewith tenders the same into court for the use and benefit of the defendant." A trial of the matter was held, and the district court ruled that Forsberg had performed all of the conditions precedent on his part and that tender was improperly refused. Chandler was then ordered to execute a release of the vendor's lien as to the 15.22 acre tract upon payment of the $141,-688 by Forsberg. If Chandler refused to execute the release an alternative release was ordered. A motion for new trial was overruled and Chandler appealed.

Chandler contends that the district court erred in three respects: by failing to find that the release provision had been extinguished by merger of the contract of sale

into the deed (the deed contained no release provision); by finding that Forsberg had met all conditions precedent to the obtaining of a partial release; and by finding that a legal tender had been made by Forsberg, or in the alternative, that any defects in the tender had been waived by Chandler.

The general rule is that a deed includes all prior negotiations and agreements leading up to its execution and delivery. *Griffin v. Bredouw*, Okl., 420 P.2d 546 (1966). However, a contract of sale does not wholly merge into the deed if the parties did not intend to supersede the contract by execution and delivery of the deed, in which case both documents must be construed together. *Banks v. City of Ardmore*, 188 Okl. 611, 112 P.2d 372 (1941); *Griffin, supra*. There is competent evidence sustaining the district court's finding that the parties did not intend to extinguish any contractual agreements not contained in the deed.

Chandler next contends that the court erred in finding that Forsberg had met all conditions precedent to obtaining a partial release of the property sold to the School District because such finding is in direct violation of the conditions agreed upon by the parties. Three "areas" were mentioned in the partial release provision of the Chandler-Forsberg contract. Chandler's contention is based upon the fact that a part of one of the areas that is sought to be released from the vendor's lien is less than five acres and it does not begin on the west line of the property. Chandler argues that the Chandler-Forsberg contract imposed both specific pre-conditions to any partial release.

This defense was first presented to the trial court in Chandler's motion for a new trial. Although the partial release provision in the Chandler-Forsberg contract could be construed as Chandler argues it should be construed, the partial release provision is somewhat ambiguous. At the trial Forsberg presented evidence of the agreement between the parties which supported his allegations that all the conditions required for a partial release had been met.

He was the only witness called and his testimony clearly indicates that the $141,-688 cashier's check presented to Chandler embodied the fulfillment of all conditions precedent to obtaining a release. No objection to the introduction of this evidence was made; it was not contradicted or even questioned on cross-examination; no rebuttal was made.

The function of Chandler's motion for a new trial was to open judicial inquiry into the errors occurring during the conduct of the trial proceedings, and to invoke the power of the trial court to correct and cure its own errors. *Conyers v. Conyers*, Okl., 386 P.2d 633 (1963). We hold the trial court did not err in overruling Chandler's motion for a new trial in which Chandler alleged the trial court erred in ordering the partial release.

The next issue is whether the tender of a cashier's check by Forsberg in the amount of $141,688 was legally insufficient in the face of Chandler's objection to the medium of tender. The district court held that the tender was sufficient because the objection was improper and that any objection to the tender had been waived by Chandler.

It is unnecessary to answer the question as posed and litigated by the parties. Whether the tender attempted on June 30 was sufficient to compel performance by Chandler on that date is unimportant for two reasons. First, the contract did not require performance by Forsberg in regard to securing a partial release by any certain date. Assuming that the tender attempted on June 30 was insufficient, no default occurred due to that failure. Second, under the circumstances in this case, the offer by Forsberg in his petition for specific performance was sufficient tender.

Prior to Chandler's rejection of the cashier's check on June 30 he had accepted cashier's checks at least twice and had accepted company checks at two other times in payment of various amounts due under the terms of the contract. The contract itself specifically called for the balance of the down payment ($100,368) to be paid by a cashier's check drawn on the First Nation-

al Bank and Trust Company of Oklahoma City—precisely the type of check refused on June 30. Checks were accepted by Chandler as payment after the refusal on June 30, while the $141,688 offered for the partial release was held in escrow and was at all times available to Chandler in any medium.

Tender prior to suit is unnecessary where it is reasonably certain that if made, tender would be refused. *Jones v. Goldberger*, Okl., 323 P.2d 344 (1958). Additionally, in suits for specific performance, technical rules governing tender in actions at law will not be strictly observed in every case, and the essential requirement of tender is taken to mean a present readiness, willingness, and ability in good faith to perform the acts required by the agreement. For this reason it is sufficient if a plaintiff pleads an unqualified offer to make payment and perform his part of the contract. A subsequent trial of the matter is concerned with the sufficiency of the offer pled—not prior offers. The district court determined that Forsberg was ready and able to perform his part of the agreement and therefore was entitled to specific performance.

Judgment in Case No. 53,700 affirmed.

I

Case No. 53,701

On October 19, 1978, Chandler brought this action against Forsberg, School District and others (defendants) to foreclose on the vendor's lien on the 60.745 acres sold to Forsberg. This action was originally presented to the district court as a cross-petition in Case No. 53,700 and has been considered by the parties and the court as a companion to that action. On April 19, 1979, the district court granted defendants' motions for summary judgment and Chandler appeals.

The sole contention in this appeal is that the district court erred because the absence of evidentiary documentation in support of the motions for summary judgment left certain factual issues raised by Chandler's

petition unresolved. It is clear, however, that the district court's grant of summary judgment rested in part upon recognition of its own judgment in Case No. 53,700 and the facts determined therein. While it may have been preferable for defendants to have attached to their motions a copy of the court's judgment of March 22, 1979, in Case No. 53,700 we cannot find under the circumstances of this litigation any prejudice to Chandler as a result of that omission.

Judgment in Case No. 53,701 affirmed.

BARNES, V. C. J., and WILLIAMS, LAVENDER, SIMMS, REYNOLDS, HARGRAVE and BOX, JJ., concur.

DOOLIN and OPALA, JJ., having certified their disqualification in these causes, PRESIDING JUDGE BOX and JUDGE REYNOLDS of Oklahoma Court of Appeals were appointed to serve in their stead.