Chester McCRACKEN, Mike Underwood, Betty Durbin, Tony Wright, Tom Payton, Dennis Hixson, Bob Allen, Dirl Burrus, Mervin Lehmann and Curtis Hamilton, individually and for all Persons Similarly Situated, Appellees,

v.

CITY OF LAWTON, Oklahoma, a Municipal Corporation, Appellant.

No. 53908.

Supreme Court of Oklahoma.

May 18, 1982.

Addendum Order June 14, 1982.

Rehearing Denied July 20, 1982.

Joe B. Reeves, Lawton, for appellees.

Russell D. Bennett, City Atty., Gregory L. Neil, Asst. City Atty., Lawton, for appellant.

OPALA, Justice:

The dispositive question for decision is: Did the trial court err when it awarded attorney's fees against the defendant-city in a suit to declare a zoning ordinance invalid? Our answer is in the affirmative.

By its Ordinance No. 168 the City Council of Lawton [City] amended the City's comprehensive zoning regulations and provided for an entertainment district, called an "overlay zone", with boundaries of a general commercial district. Businesses affected by the new ordinance—entertainment and service-related establishments—were to be severely restricted in their capacity to use land for the affected activities. Some of the operators and owners of these businesses brought an action—under 12 O.S.1981 § 1651 et seq.—challenging the validity of the ordinance. They also sought injunctive relief to prevent the City from implementing its new regulations. The plaintiffs moved the court to certify their suit as a class action and to award costs and attorney's fees against the City.

The City opposed class-action certification. After various pre-trial motions and rulings, the persons determined to be parties-plaintiff were Chester McCracken and nine other individuals [operators] who undertook to represent approximately 80 persons alleged to be similarly affected by the City's newly-enacted zoning scheme. Following a three-day hearing, the trial court ruled for the operators, finding that the City's failure to give them proper notice before enacting the ordinance was fatal. The issues of class-action certification and of legal fees to be allowed were reserved for a later ruling. Thereafter the trial court certified the class in accordance with the guidelines in 12 O.S.1981 § 13 et seq. and awarded the plaintiffs an attorney's fee of $10,000. The City seeks review of the trial court's orders certifying the suit as a class action and allowing counsel fee. No corrective relief is sought from the decision that declares the ordinance void.

The City's efforts to convince us that there was an absence of essential criteria for a class action doubtless stem from its view that the award of attorney's fee must be affirmed unless the decision certifying the suit as a class action were incorrect.

In our opinion, the argument that attempts to show error in class certification need not be considered. Even if the court's certification were valid, the counsel fee allowance could not stand. This is so because, in essence, the award constitutes a monetary recovery against a municipality for detriment occasioned in the exercise of its legislative capacity. An affirmance of the allowance would clearly contravene the unequivocal grant of immunity statutorily conferred in the Political Subdivision Tort Claims Act, 51 O.S.1981 § 155(1)[1]. By the provisions of that statute neither a political subdivision, nor its officials, may be subject to liability for any acts or omissions in

1. The terms of 51 O.S.1981 § 155(1) provide in pertinent part: "A political subdivision or an employee acting within the scope of his employment shall not be liable if a loss results from: (1) *Legislative functions*; * * * ". [Emphasis ours].

performing a legislative function. The terms of immunity are clear and absolute. They admit of no exceptions. Were we to narrow the sweep of the statute by confining its terms to "loss"[2] by tort-inflicted damage, an intolerable—and doubtless unintended—dichotomy would arise in the body of our law. A municipal subdivision would be relieved of its civil accountability for delictual harm to property occasioned by its legislative action, but a form of monetary recovery could be exacted from it for any non-tortious detriment that resulted from the very same exercise of power.[3] This construction, if adopted, would make immunity depend on the pleader's choice.

■ In determining whether statutory immunity from liability will attach, the court is concerned primarily with the essential character of the governmental action for which liability is sought to be imposed[4] rather than with the procedural variant, or the particular form of action, in the context of which the issue is tendered.[5] It is immaterial that the recovery sought here was for a declaration of rights rather than in tort for a money judgment. This lawsuit's thrust was to secure relief from an impermissible legislative measure. The meaning, force and effect of the immunity provisions in 51 O.S.1981 § 155(1) must not be restricted by their location in the statutory compilation.[6] Neither clever legal labels nor the pleader's ingenious strategy choices should be allowed to obscure the true sweep of the law's command. No matter what procedural variant the plaintiff may employ for his suit, the provisions of 51 O.S.1981 §§ 155(1) and 152(3) stand as a barrier to monetary recovery—in damages or counsel fees—for harm dealt to property by a city's legislative action.[7]

■ Under the American rule that is followed in Oklahoma, attorney's fees are not ordinarily allowed unless their recovery is authorized by statute or contract.[8] The class action statute provides that "[i]f a judgment in action maintained as a class action is rendered in favor of the class, the court in its discretion may award attorneys' fees to the representatives of the class based on the reasonable value of legal services rendered and if justice requires, allow recovery of the amount awarded from the opponent of the class." 12 O.S.1981 § 18C. There is neither an explicit nor an implicit exception in the *general* statutory class-action scheme—enacted during the same legislative session as the Political Subdivision

---

**2.** "Loss" is defined by 51 O.S.1981 § 152(3) as "injury or death of a person or *damage to real or personal property.*" [Emphasis ours].

**3.** Although the author of this opinion has, on numerous occasions, indicated his disaffection for continued recognition of the common-law doctrine of sovereign or governmental immunity, he finds no legal impediment to unquestioned obedience of a statutorily-created immunity that stands conferred by a valid legislative act. *Hershel v. University Hospital Foundation,* Okl., 610 P.2d 237, 242 [1980], (special concurring opinion by Opala, J.); *Walton v. Charles Pfizer & Co., Inc.,* Okl., 590 P.2d 1190, 1194 [1979], (special concurring opinion by Opala, J.); *Terry v. Edgin,* Okl., 598 P.2d 228, 238 [1979], (special concurring opinion by Opala, J.).

**4.** The essential character of the challenged governmental action determines whether it is a legislative function. *Supreme Court of Virginia v. Consumers Union of the United States,* 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 [1980]; *Lathrop v. Donohue,* 367 U.S. 820, 81 S.Ct.

1826, 6 L.Ed.2d 1191 [1961]; see also, *Tweedy v. Oklahoma Bar Association,* Okl., 624 P.2d 1049, 1052 [1981].

**5.** *Chandler v. Independent School Dist. No. 12,* Okl., 625 P.2d 620, 623 [1981]; *State ex rel. Dept. of Highways v. Cook,* Okl., 542 P.2d 1405, 1406 [1975].

**6.** *Green v. Green,* Okl., 309 P.2d 276, 278 [1957]; *WRG Const. Co. v. Hoebel,* Okl., 600 P.2d 334, 336 [1979].

**7.** Claims by which an interest holder seeks compensation for "taking" of property—in the constitutional sense—fall under a rubric distinct from all others. Fundamental law—federal and state—protects these claims from legislative abridgment. XIV Amendment, U.S. Const.; Art. 2 §§ 7 and 24, Okl.Const.; see *Chandler v. Independent School Dist. No. 12,* supra note 5 at 623.

**8.** *Moses v. Hoebel,* Okl., 646 P.2d 601 [Sup.Ct. No.55,395, February 16, 1982].

Tort Claims Act [9]—which makes its terms control over the *specific* immunity provisions of 12 O.S.1981 § 155(1).[10]

 We hold that, absent an explicit statutory exception, legislatively-conferred municipal immunity from liability in damages for injury occasioned to property by the exercise of a city's legislative function is a bar to recovery of counsel fees in any suit against a city for declaratory or injunctive relief from a zoning ordinance, even though the form of redress sought in the action is not, *stricto sensu*, in tort. 51 O.S. 1981 §§ 155(1) and 152(3).

It is hence unnecessary to consider the correctness of the trial court's class-action certification.[11] There was error in awarding counsel fees.

Allowance of counsel fee reversed.

IRWIN, C. J., BARNES, V. C. J., and LAVENDER, HARGRAVE and WILSON, JJ., concur.

SIMMS, J., concurs in result.

HODGES, J., dissents.

DOOLIN, J., not participating.

---

**9.** See Okla.Sess.L.1978 pgs. 644–647 for the Class Actions Act and Okla.Sess.L.1978 pgs. 431–439 for the Political Subdivision Tort Claims Act.

In essence, when liability for counsel fee is imposed in a declaratory judgment suit against a city, the monetary recovery cannot be viewed as merely ancillary to the relief sought. In like manner with damages, an award of counsel fee may not be imposed against a city *without some explicit waiver of its statutory immunity.* The immunity shield protects against all substantial fiscal burdens placed on the municipal government's public coffers. See in this connection, *Edelman v. Jordan*, 415 U.S. 651, 668, 94 S.Ct. 1347, 1358, 39 L.Ed.2d 662 [1974].

**10.** The terms of a *special* statute covering the subject matter control over contrary provisions in a *general* statute. *Koch v. Oklahoma Turnpike Authority*, 208 Okl. 556, 257 P.2d 790, 792 [1953].

**11.** A public-law issue may be considered on appeal upon a theory not presented to the trial court. *Application of Goodwin*, Okl., 597 P.2d 762, 764 [1979]; *First National Bank v. Southland Production Co.*, 189 Okl. 9, 112 P.2d 1087 [1941]; *Special Indemnity Fund v. Reynolds*, 199 Okl. 570, 188 P.2d 841 [1948].