**Donald E. SPENCE,
Plaintiff-Appellant,**

v.

**Patience LATTING et al.,
Defendants-Appellees.**

No. 74–1288.

United States Court of Appeals,
Tenth Circuit.

Argued Nov. 12, 1974.

Decided Feb. 26, 1975.

Stephen Jones, Oklahoma City, Okl., for plaintiff-appellant.

Jerry R. Fent, Asst. Municipal Counselor, Oklahoma City, Okl. (Walter M. Powell, Municipal Counselor of The City of Oklahoma City, Oklahoma City, Okl., on the brief), for defendant-appellees.

Before MURRAH, SETH and HOLLOWAY, Circuit Judges.

MURRAH, Circuit Judge.

Following his dismissal as an Oklahoma City police officer, Spence brought four separate state court actions against the City and various City and state officials, each seeking some form of declara-

tory or mandamus relief. The first action was abandoned, and the last was dismissed on demurrer for lack of standing. The other two alleged, in essence, that he was denied an appeal hearing as provided by applicable Oklahoma statute. After suffering adverse judgments in all the litigated state court cases, he brought this action under § 1983 against the same City officials or their successors, alleging denial of procedural due process and seeking reinstatement and money damages. He appeals from a summary judgment dismissing the claim on the ground of non-suability, statute of limitations, and res judicata. We affirm.

The basic facts are presented in Spence's verified complaint. They were stipulated in all the state court actions and have never been disputed. Spence was employed as a City police officer for five years and until his termination by the City personnel director. Pursuant to the City Charter, the City Manager established a Grievance Review Board[1] to hear appeals from terminations of employment. Rather than appealing to the Grievance Review Board, Spence sought relief in the state court.

In Spence v. Ross, filed the month after his termination, he sued the members of the Grievance Review Board, alleging that its procedures "den[y] substantive and procedural due process" and seeking an order establishing new procedures. No summons was ever issued, and the action was apparently abandoned.

In Spence v. Oldland, filed one month later, he sued the City Manager, Mayor,

---

[1]. The municipality has provided an elaborate Grievance Policy and Procedure for the review of all employee grievances, with special reference to police and fire personnel. The procedure requires the employee to approach, in sequence, his immediate supervisor, his department head, and the personnel director. Unless resolved in one of these three steps, the matter may be submitted to the Grievance Review Board, which consists of the following persons: the municipal counselor, the finance director, the personnel director, the City Manager's representative, and four elected employee representatives. (Board members who are supervisors of the complaining employee are disqualified from voting.) The Board reviews the grievance, receiving testimony and evidence, and provides a report to the City Manager, who has ultimate power to discharge an employee. The Board's decision, as approved by the City Manager, "shall have the power of affirmation, denial or modification" of the decision complained of. The employee may, after decision of the Board, take his complaint directly to the City Manager, who can "affirm, deny, or modify" the decision of the Board. His decision is final.

and Councilmen, claiming[2] that the Grievance Review Board's procedure and composition does not comply with state statute 11 O.S. § 541s, which requires a specified "Board of Review" when pension and retirement rights are involved in the dismissal of a police officer.[3] Spence sought a judgment declaring the applicability of the § 541 Board of Review and the inapplicability of the Grievance Review Board (created under municipal ordinance). An appeal was taken to the Oklahoma Supreme Court from a judgment granting the declaratory relief sought.

Before final decision in that case, he filed Spence v. Norick, suing the City, the Mayor, and Councilmen, to mandamus the establishment of the statutory Board of Review to hear and determine his appeal. The case was first submitted on the stipulation of the basic facts, including the fact that, during Spence's employment, the City received state monies for a City police pension fund. This suit was dismissed for failure to state facts showing that Spence's pension and retirement rights were involved as required by § 541. On a subsequent motion for a new trial, it was further stipulated that Spence had paid $1493 into the police pension fund during his employment and that, upon his termination, he had been tendered and had refused to accept his accrued benefits in the pension fund. Upon this additional stipulation, the motion for a new trial was denied, for the same failure to show that pension and retirement rights were involved. This judgment was also appealed to the Oklahoma Supreme Court.

About the same time, Spence filed suit against certain state officials for wrongful payment of state monies to a City

not complying with § 541. The state district court sustained the demurrer to this complaint and, on final appeal, was affirmed for lack of standing.

Two and a half years later, the Oklahoma Supreme Court ruled against Spence in the appeals in the Oldland and Norick cases. Spence v. Oldland, No. 45490 (Okl. July, 1973); Spence v. Norick, 513 P.2d 1295 (Okl.1973). The separate judgments were rendered on the same day; and the court discussed the two cases together, since they involved "an amended petition and a stipulation of facts which were, in pertinent part, the same." Spence v. Oldland, supra, at p. 1. The court noted that Spence did "not complain that he was prevented from offering any evidence." Spence v. Norick, supra, 513 P.2d at p. 1297. In both cases, it held that the originally and supplementally stipulated facts did not establish that pension and retirement rights were involved; hence, no relief was grantable under § 541. No federal question was asserted in any of the amended pleadings.

Soon after the decision of the Oklahoma Supreme Court, Spence filed this action in federal district court. As in the state court cases, Norick and Oldland, he sued the City officials, alleging the same basic facts, and claiming rights under § 541. Additionally, he alleged for the first time that he "was not discharged by the City . . . in accordance with rights guaranteed by the United States Constitution"; more specifically that his discharge "did not comply with due process requirements", denied him confrontation, cross-examination, and assistance of counsel, and was arbitrarily "calculated to suppress his right to [engage in union] activities . . . in

2. This is his amended complaint. In his original complaint, he asserted that the Grievance Review Board's procedures violated "due process of law" but apparently abandoned the federal constitutional claim.

3. In pertinent part, the statute reads: "The governing board of every city or town having a Police Pension and Retirement System, . . . shall establish a board of review to hear appeals concerning the discharge of po-

licemen and police officers. . . . " The Board of Review under the statute is to consist of the following persons: the Mayor, two policemen, one attorney, and one physician, as appointed by the governing board of the city. 11 O.S. § 541s. The Oklahoma Supreme Court has held that this statute is applicable only when pension and retirement rights are involved. Morgan v. Wilson, 450 P.2d 902 (Okl.1969)

violation of the First and Fourteenth Amendments." As we read the pleadings and understand the basic facts, the gravamen of the complaint here is to the effect that he was denied procedural due process as provided by the state statute and guaranteed by the Fourteenth Amendment. His ultimate remedy sought is reinstatement with money damages.

At the threshold of this appeal, Spence challenges the propriety of the summary judgment on procedural grounds. On January 21, 1974, the case was set for pre-trial on February 5. On February 1, four days before pre-trial, the defendants filed a motion for continuance of pre-trial conference and a motion for summary judgment with supporting brief. On February 5, both parties appeared and orally argued the motion for summary judgment. Spence was granted ten days to respond to the motion by written brief and affidavits, and did so nine days later. Defendants duly filed supplemental materials. The court then granted the motion, dismissing Spence's action.

Spence asserts that this procedure was not in compliance with the requirements of Federal Rules of Civil Procedure 56(c).[4] He contends that the proceedings held on February 5 were merely a pre-trial conference, not a hearing on the motion for summary judgment. And even if it were deemed to be such, it was held with less than the required ten-day notice. We have said that failure to comply with the ten-day notice requirement in Rule 56(c) "deprives the court of authority to enter a summary judgment order." See Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 480 F.2d 607, 608 (10th Cir. 1973); Adams v. Campbell County School District, 483 F.2d 1351 (10th Cir. 1973). In Mustang, however, we indicated that, "Under proper circumstances, these [technical]

requirements of the Rule may be waived." 480 F.2d at 608. See also Reilly v. Doyle, 483 F.2d 123, 125 n. 2 (2d Cir. 1973); Ikerd v. Lapworth, 435 F.2d 197 (7th Cir. 1970); Oppenheimer v. Morton Hotel Corp., 324 F.2d 766 (6th Cir. 1963); Wright & Miller, Federal Practice and Procedure: Civil § 2719 at pp. 451–452 (1973). Spence actively participated in the oral argument on the motion and was afforded and availed himself the ample opportunity to respond in writing thereafter. At the time of the ruling on the motion, Spence had made no objection to the procedure and had no pending request for discovery. And on this appeal, there is no specific allegation of prejudice to Spence as a result of the procedure followed. In these circumstances, we think the case was duly submitted on the motion in substantial compliance with the Rule, and Spence has waived his objection to the technical irregularity.

## RES JUDICATA

Spence denies that this action is barred by the res judicata effect of the state court judgments, because those judgments were based solely on "defects in the pleadings." We do not so read the judgments of the Oklahoma Supreme Court. As we have seen, the judgments were based on the freely stipulated facts, upon which the Oklahoma Supreme Court ruled that Spence was not entitled to a § 541 hearing. These judgments went to the very heart of his right to relief under § 541. As to this statutory claim, the judgments were on the merits, and the state question surely cannot be relitigated in the federal court.

This brings us to the question whether the state court judgments also bar Spence's federal constitutional claim against the same parties or their successors on the same facts. Spence argues

---

4. In pertinent part, the Rule 56(c) reads: "The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ."

that the state court litigation was merely an exhaustion of remedies before asserting his § 1983 rights in a federal forum; and that the state court judgments cannot, therefore, bar his federal action.

■■■ It seems now settled that the doctrine of exhaustion of remedies, usually applicable in a habeas corpus proceeding, is usually inapplicable in a § 1983 action. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). And the doctrine of res judicata, not usually applicable in habeas corpus, applies to suits under § 1983, as in most other civil suits. See Preiser v. Rodriguez, 411 U.S. 475, and cases cited at 497, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). But see Justice Brennan, dissenting, Id., at 509 n. 14, 93 S.Ct. 1827. And see also Ney v. California, 439 F.2d 1285 (9th Cir. 1971).

■■■ Where a second suit between the same parties or their privies is on the same cause of action, the final judgment in the prior action is conclusive as to all matters which were actually litigated as well as those which could have been litigated. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195 (1876); Providential Development Co. v. United States Steel Co., 236 F.2d 277 (10th Cir. 1956); Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573, 579, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974). Restatement of Judgments §§ 61–65 (1942). This long established doctrine is based upon the policy of preventing endless or repetitive litigation by effectively coercing the plaintiff to present all his grounds for recovery in the first proceeding. Id., at § 63, comment a.

■■■ In this action, Spence sues the same City officials or their successors on the same facts, changing only his theory and remedy. Thus, in state court, he

sought an order requiring a § 541 hearing; in federal court, reinstatement and money damages for failure to accord a due process hearing. Nonetheless, he alleges the same facts in all of these actions, and we think that the core of his cause of action remains the same—dismissal from employment without a due process hearing. In pursuit of this cause of action, he was perfectly free to plead and litigate his federal constitutional claims in any and all of the state court actions. Federal courts are not the exclusive forum for the redress of federal rights.[5] "Upon the State courts, equally with the courts of the Union, rests the obligation to guard, enforce, and protect every right granted or secured by the constitution of the United States and the laws made in pursuance thereof, whenever those rights are involved in any suit or proceeding before them . . . ." Robb v. Connolly, 111 U.S. 624, 637, 4 S.Ct. 544, 551, 28 L.Ed. 542 (1884). See also Brown v. DeLayo, 498 F.2d 1173 (10th Cir. 1974). Only the Supreme Court is the final judge of the definition and effectuation of those rights. Indeed, Spence did assert federal constitutional claims in two of his original state court actions; but deliberately and voluntarily abandoned these claims for reasons not apparent on the record.

In Lavasek v. White, 339 F.2d 861 (10th Cir. 1965), we held that a state court judgment on a state law claim barred a subsequent action in federal court alleging a constitutional deprivation upon the same facts. In that case, a state court condemnation proceeding resulted in a final judgment that the defendant suffered no compensable injury. Thereafter, the defendant filed suit in federal district court alleging deprivation of property through procedures violative of the Fifth and Fourteenth Amendments. We affirmed the trial court's dismissal of the federal claims for res judicata. Lavasek was not a § 1983

---

5. Under 28 U.S.C. § 1343, federal courts have original jurisdiction over § 1983 actions; but this jurisdiction is not exclusive. See Grubb v. Public Utilities Commission of Ohio, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972 (1930); Long v. District of Columbia, 152 U.S.App. D.C. 187, 469 F.2d 927, 937 (1972).

action, but we have applied collateral estoppel and res judicata to § 1983 actions, when the federal constitutional claim was adjudicated in the prior state court proceeding. See Brown v. DeLayo, supra; Hanley v. Four Corners Vacation Properties, Inc., 480 F.2d 536 (10th Cir. 1973). And other Circuits have applied res judicata to § 1983 actions, even when the federal constitutional claim was never pleaded or raised in the prior state court proceedings. See Lovely v. Laliberte, 498 F.2d 1261 (1st Cir. 1974); Taylor v. New York City Transit Authority, 433 F.2d 665 (2d Cir. 1970); Frazier v. East Baton Rouge Parish School Board, 363 F.2d 861 (5th Cir. 1966); Coogan v. Cincinnati Bar Association, 431 F.2d 1209 (6th Cir. 1970).

▇▇▇ Spence argues that the total effect of res judicata, together with the Pullman abstention doctrine,[6] is to deny him a federal forum for vindication of federal rights. He says that he is barred from bringing his federal and state claims in a federal forum by the abstention doctrine and that, after final judgment in state court, he is barred from the federal forum by res judicata. It may be that if this suit had been initially filed in the federal court, that court would, in its wise discretion, have remitted Spence to the appropriate administrative body for a post-termination hearing. A full and fair hearing there might very well have obviated or conditioned the adjudication of the federal question.[7] But in any event, the question whether the hearing satisfied administrative due process requirements would ultimately come to rest with the federal court, unless Spence had unreservedly submitted the federal question for state court adjudication. See England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964); Harrison v. NAACP, 360 U.S.

167, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959). Cf., Judge Campbell's observations in Lovely v. Laliberte, supra, 498 F.2d at 1263–1264. We do not reach this question, because Spence chose the state forum, which as we have seen, has jurisdiction to redress all his claims, federal and state. The federal court house doors were initially open to him; but he deliberately chose the state forum.

▇▇▇ Allowing him now to bring claims in the federal court which were appurtenant to the core of his cause of action in prior state court suits would work a disservice to the salutary policies underlying res judicata. We conclude that Spence's statutory and constitutional claims in this action are barred by res judicata. We thus have no need to decide his arguments regarding the statute of limitations or the amenability of these defendants to suit.

The judgment is affirmed.

---

**6.** The *Pullman* doctrine says that if the state claim is uncertain and its resolution might obviate the need for federal constitutional litigation, it is then appropriate for a federal court to abstain from exercising its jurisdiction over such constitutional claims pending state court judgment. Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); Kusper v. Pontikes, 414 U.S. 51, 54, 94 S.Ct. 303, 38 L.Ed.2d 260 (1973).

**7.** See notes 1 and 3 supra.