In the Matter of GUARANTEE
ACCEPTANCE CORPORATION,
Debtor-Appellant,

v.

FIDELITY MORTGAGE INVESTORS,
Appellee.

No. 75–1798.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Sept. 20, 1976.

Decided Nov. 8, 1976.

Charles A. Whitebook, Tulsa, Okl. (Lloyd K. Holtz, Tulsa, Okl., on the brief), for debtor-appellant.

Robert F. Marshall, Beverly Hills, Cal., for appellee.

Before HILL, McWILLIAMS and BARRETT, United States Circuit Judges.

HILL, Circuit Judge.

Guarantee Acceptance Corporation (GAC), voluntary petitioner for Chapter X corporate reorganization pursuant to 11 U.S.C. § 501 *et seq.*, appeals an order of the United States District Court for the Northern District of Oklahoma dismissing its petition for improper venue.

GAC is an Oklahoma corporation whose only business activity at the time of filing the present suit was construction and development of a condominium townhouse project, in Orange County, California, known as Fashion Square West. The project was commenced in 1972 and was

incomplete at the time of filing these proceedings. Work has not progressed since that time. On December 21, 1972, GAC obtained from Fidelity Mortgage Investors (FMI) a loan in the amount of $2,985,000 to finance the project and gave a mortgage securing realty and personalty of the development. After a time, GAC encountered financial difficulties and was unable to continue making payments to FMI. On September 19, 1974, FMI filed a Notice of Default and Election to Sell. At that time substantial amounts were due other creditors of GAC.

On January 17, 1975, GAC filed a petition for a Chapter XI arrangement in the United States District Court for the Central District of California. That petition alleged that GAC had its principal assets and its principal place of business in Orange County, California. The Chapter XI action was dismissed on August 5, 1975, upon the finding of the court that there were no assets of the corporation which would be available to unsecured creditors.

The present action was filed on August 12, 1975, in the Northern District of Oklahoma. FMI entered the litigation by filing an Answer, Objections, and Motion to Dismiss, as a creditor of GAC. The petition alleges that the principal place of business of GAC is Tulsa, Oklahoma. The court found that neither the principal place of business nor the principal assets of GAC were in Oklahoma and concluded that venue was improper. GAC's petition was dismissed on October 6, 1975. This appeal followed.

We deal initially with FMI's contention that this appeal is moot. On the day after dismissal was ordered in this case, GAC filed a similar petition for reorganization in the United States District Court for the Central District of California. In the hours that intervened between dismissal of the instant proceeding and the filing of the Chapter X petition in California, the town-house property was sold at a foreclosure sale, pursuant to an order FMI had previously obtained in state court in California. FMI, the only bidder, purchased the property. The California Chapter X petition was dismissed, according to FMI, pursuant to Bankruptcy Rule 10–113[1] upon a finding that it was not filed in good faith. FMI contends that the dismissal of the California petition is res judicata, mooting the present appeal.

Under the doctrine of res judicata, a prior adjudication between the parties or their privies on the same cause of action is conclusive as to all matters which are, were, or should have been litigated. *Spence v. Latting*, 512 F.2d 93 (10th Cir. 1975), *cert. denied*, 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129.

The doctrine requires an identity of issues as between the cases involved. The present case is not controlled by the decision in the California Chapter X action for the reason that the issues are not the same. The issue allegedly decided by the court in California was whether the California petition was filed in good faith. Such a conclusion does not speak to the issue which would be before the Oklahoma court, whether the Oklahoma petition was filed in good faith.

Having determined that this appeal is not moot, we reach GAC's arguments on appeal: (1) that venue was proper in Oklahoma, and (2) that even if venue was not proper, the court in Oklahoma should have retained the case for adjudication rather than dismissing it.

Bankruptcy Rule 10–114(a)(1) speaks to venue for Chapter X proceedings, as follows:

(1) Debtor. A petition filed pursuant to Rule 10–104 or 10–105 may be filed in the district (A) where the debtor has had its *principal place of business* or its *principal assets* for the preceding 6 months or

---

1. Bankruptcy Rule 10–113(a) provides:

(a) Voluntary Petition. On the filing of a voluntary petition, the court shall enter an order approving the petition if satisfied that it complies with the requirements of Chapter X of the Act and has been filed in good faith. If not so satisfied, the court shall enter an order permitting the petition to be amended or dismissing the case.

for a longer portion thereof than in any other district; or (B) if there is no such district, in any district where the debtor has property. . . . (Emphasis added.)

Under the Rule, the judge is left to determine where, as a matter of fact, the principal assets or business activities of a corporation are. 1 Collier on Bankruptcy ¶ 2.19(2) at 212 (14th ed. 1974).

GAC made no contention that its assets were in Oklahoma. To the contrary, it alleged that the only principal asset of the corporation was the townhouse project in California. It rests its argument that venue was proper in Oklahoma on the contention that its principal place of business was in Oklahoma. In support thereof, GAC submits that it is an Oklahoma corporation whose meetings are held in Tulsa and whose sole shareholder resides in Tulsa. It maintains an office in Tulsa from which certain business is conducted. FMI argues that the only business activity of GAC since 1972 is the condominium project in California, that an office is maintained in California, and that in the Chapter XI proceeding filed in California and dismissed one week before the present action was filed, GAC alleged that its principal place of business was Santa Ana, California, and the court so found.

■ As to the greater number of GAC's contentions, it may be said that the corporate headquarters and offices are not necessarily the principal place of business of a corporation. *Dryden v. Ranger Refining & Pipe Line Co.*, 280 F. 257 (5th Cir. 1922), *cert. denied*, 260 U.S. 726, 43 S.Ct. 89, 67 L.Ed. 483; 1 Collier on Bankruptcy, ¶ 2.19(2) at 212–214 (14th ed. 1974). The determination to be made is one of fact as to where, in the main, the corporation does its business. 1 Collier on Bankruptcy ¶ 2.19(2) at 212 (14th ed. 1974). The factors set forth herein were before the Oklahoma court, and that court determined GAC's principal place of business was not in Oklahoma. We are not persuaded the court's determination was clearly erroneous. The conclusion that venue was improper follows.

GAC next contends that, upon a finding of improper venue, the court should have retained the case for adjudication rather than ordering dismissal.

Bankruptcy Rule 10–114(b)(2) sets forth optional dispositions when venue is determined to be improper, as follows:

(2) When venue improper. If a petition is filed in a wrong district, the court may, after hearing on notice to the petitioner or petitioners and such other persons as it may direct, dismiss the case or, in the interest of justice and for the convenience of the parties, retain the case or transfer it to any other district. . .

■ The option of retention, dismissal, or transfer under the Rule is within the discretion of the trial judge, such discretion to be exercised within the broad parameters of the interest of justice. *In re Tonkawa Refining Company*, 502 F.2d 1341 (10th Cir. 1974); 1 Moore's Federal Practice ¶ 0.146(5) at 1664 (2d ed. 1976). GAC's contention that transfer or retention is normally in the interest of justice is but a factual generalization. Determinations must be made on a case by case basis, and the test on appeal is whether an abuse of discretion is clear. *In re Tonkawa Refining Company, supra.*

■ GAC asserts the foreclosure by FMI demonstrates the injustice of the trial court's order. Foreclosure did not occur until after the instant proceeding was dismissed and therefore was not a consideration for the trial judge. Further, GAC has not established that foreclosure was, in itself, unjust. It represented the exercise of a right to which FMI was entitled.

In his oral ruling at the conclusion of the hearing on FMI's Motion to Dismiss, the court said:

Well, the Court has given that [transfer *vis a vis* dismissal] some consideration. The question is to whether the petition is in good faith, and therefore, should be transferred. It seems to the Court that the order of dismissal is more appropriate at this time, based upon the fact that this matter has been in a bank-

ruptcy litigation for now approaching its eleventh month. I, of course, refer to the Chapter XI proceedings and proceedings under Chapter X now before this Court.

Given the duration of the various bankruptcy proceedings in which the parties have been involved and GAC's conflicting allegations of record as to its principal place of business, we do not believe that the order of dismissal constituted an abuse of discretion.

AFFIRMED.