**Charles TOMSICK, Plaintiff,**

v.

**Lawrence JONES, Leonard Reis, and George Draper, Defendants.**

**Civ. A. No. 77–K–137.**

United States District Court, D. Colorado.

Feb. 6, 1979.

Maurice R. Franks, Pueblo, Colo., for plaintiff.

Benjamin L. Craig, Peter J. Wiebe, Jr., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This complaint was filed under 42 U.S.C. § 1983 alleging that plaintiff was wrongfully discharged by defendant members of the Custer County Board of Commissioners in violation of plaintiff's constitutionally protected right to due process and his First Amendment rights. The matter is now before the court on defendants' motion for summary judgment in which defendants argue that this action should be dismissed under the doctrine of *res judicata*.

Plaintiff filed this complaint on February 2, 1977 and an amended complaint on April 11, 1977. The amended complaint alleges that defendants are members of the Board of County Commissioners of Custer County, Colorado and, at a special meeting held on January 13, 1977, they illegally dismissed plaintiff from his position as a maintenance man with the county road and bridge department. Plaintiff claims that his discharge was in retaliation for exercising his First Amendment rights in expressing dissatisfaction with the conditions of employment. Plaintiff further alleges that the special meeting at which he was fired was illegal and that he was not given prior notice of the meeting in violation of procedural due process. As relief plaintiff seeks $100,000 in compensatory damages for loss of employment, back wages, loss of future wages, loss of reputation and mental anguish; $100,000 in exemplary damages for a malicious denial of rights; and $5,000 in attorney's fees expended in his attempt to gain reinstatement in state court.

In their motion for summary judgment, defendants contend that this suit is barred by *res judicata* because of a District Court of Custer County, Colorado judgment which ruled on whether defendants' discharge of plaintiff was in violation of the First, Fifth and Fourteenth Amendments. *Tomsick v. Board of County Commissioners*, Civil Action No. 1819 (Custer County District Court, October 26, 1978). Defendants have provided copies of this judgment and pertinent orders with their brief. These records disclose the Custer County District Court's denial of plaintiff's motion to amend judgment and for a new trial on November 29, 1978. Defendants maintain that the appeal period in this state action has expired, that no appeal was filed, and that the October 26 judgment is now final. Since plaintiff has

not contradicted these representations with opposing affidavits, the finality of the state judgment is established.

The Supreme Court has noted with approval that "*res judicata* has been held to be fully applicable to a civil rights action brought under § 1983." *Preiser v. Rodriquez,* 411 U.S. 475, 497, 93 S.Ct. 1827, 1840, 36 L.Ed.2d 439 (1974). The judicially created doctrine of *res judicata* provides that when a court of competent jurisdiction has entered a final judgment on the merits of a case, the parties to the action and their privies are therefore bound "not only to every matter which was offered and received to sustain or defeat the claim or demand, but to any other admissible matter which might have been offered for that purpose." *Cromwell v. Sac. County,* 94 U.S. 351, 24 L.Ed. 195 (1876). The purpose of the rule is to avoid repetitious suits involving the same parties over the same cause of action. *Commissioner of Internal Revenue v. Sunnen,* 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948).

Thus, for the purposes of determining this motion it is necessary to examine the state court proceedings that were the basis for the judgment now at issue. On April 14, 1978 the Custer County District Court entered an order setting forth its findings of fact and conclusions of law in *Tomsick v. Board of County Commissioners, supra,* following a trial to the court. The court found that plaintiff had been discharged from his employment at a special board meeting held on January 13, 1977. The court concluded that the discharge resulted from an incident on October 27, 1976 when plaintiff was operating a county road grader and had been sent to free another county road grader that had become stuck. A cattle owner complained to the board that several of his cattle had been struck by a county road grader on that day and had to be destroyed. Based on the cattle owner's complaint and a report by the county insurance agent, the defendant commissioners concluded that plaintiff negligently struck the cattle in question while operating a county road grader, and that plaintiff failed to report the incident. While plaintiff alleged that he had been discharged in retaliation for having previously complained about the conditions of his employment to one or more defendants, the court held that the dismissal was based solely on the cattle incident and was not in retaliation for plaintiff's prior complaints.

In ruling on plaintiff's First Amendment allegations, the court found that none of the communications between plaintiff and defendants regarding plaintiff's dissatisfaction with his job were protected by the First Amendment. The court further found that even if these communications had been protected by the First Amendment, plaintiff failed to prove that the Board of Commissioners would not have discharged him absent the complaints.

Although the state court ruled against plaintiff on his First Amendment claims, the court found in favor of plaintiff on his due process claims. The court found that the special board meeting at which plaintiff was discharged was in violation of state law and held that the discharge was therefore null and void. In doing so, the court ordered defendants to reinstate plaintiff upon his written request.

Since plaintiff apparently did not seek reinstatement, the state court entered an amended order and judgment on October 26, 1977 in which it granted plaintiff nominal damages for his wrongful discharge at the illegal meeting. The court awarded plaintiff the difference between the amount he would have earned as a county employee less the amount he collected in unemployment benefits. On November 29, 1978 the district court denied plaintiff's motion to amend judgment and for a new trial.

It has been the long standing rule in this circuit that while federal courts are given original jurisdiction over § 1983 claims, this jurisdiction is not exclusive. State courts are competent to decide federal constitutional claims, *Spence v. Latting,* 512 F.2d 93 (10th Cir. 1975), *cert. denied,* 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975). In *Spence* the court considered whether prior judgments by a state court

between the same parties were *res judicata* as to the claims asserted in federal court under 42 U.S.C. § 1983. In ruling that they were, the court stated:

> Where a second suit between the same parties or their privies is on the same cause of action, the final judgment in the prior action is conclusive as to all matters which were actually litigated as well as those which could have been litigated. 512 F.2d at 98.

In the case at bar plaintiff seeks to relitigate the same issues as ruled on by the state court: whether his discharge was in retaliation for the exercise of his First Amendment rights and whether he was denied due process by the fact that the special meeting at which he was discharged was illegal under state law. The differences between the two proceedings are merely technical; the state complaint named the Board of County Commissioners as defendant while this action names the individual board members as defendants. Plaintiff seeks $205,000 in damages in this action while he was awarded only several hundred dollars in the state case.

Given these facts, I can only conclude that the state action as a matter of *res judicata* bars the present action. If plaintiff was dissatisfied with the award in the state action his remedy was to appeal it. Since he has failed to do so, that judgment is final and this court is precluded from retrying the same matter in federal court. Under these circumstances a plaintiff may not litigate in a state court and then attempt to use the state court decision as a base for launching a federal court action. Accordingly,

IT IS ORDERED that defendants' motion for summary judgment is granted and this complaint and civil action are hereby dismissed with prejudice, each party to bear its own cost.