Loyal Eugene BLAIR,
Plaintiff-Appellant,

v.

SUPREME COURT OF the STATE OF WYOMING, et al.,
Defendant-Appellees.

No. 80–2180.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Feb. 3, 1982.

Decided Feb. 17, 1982.

Penfield W. Tate, II, Denver, Colo., for plaintiff-appellant.

Bruce A. Salzburg, Senior Asst. Atty. Gen., Cheyenne, Wyo. (John D. Troughton, Atty. Gen., Cheyenne, Wyo., with him on the brief), for defendants-appellees.

Before McWILLIAMS, McKAY and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

On November 20, 1978, defendant Dan Spangler, in his capacity as District Judge for the Seventh Judicial District of the State of Wyoming, entered an order terminating the parental rights of plaintiff Loyal Eugene Blair in his natural son and permitting adoption of the boy by his stepfather. On November 30, 1978, Blair filed a motion for rehearing, which was denied on January 8, 1979. In the meantime, on December 5, 1978, Blair filed a notice of appeal to the Wyoming Supreme Court. That appeal was subsequently dismissed as premature because the motion for rehearing was pending when the notice of appeal was filed.

Blair filed this action in federal district court claiming under 42 U.S.C. § 1983 that he was unconstitutionally deprived of his right to a relationship with his son when defendant Spangler terminated his parental rights and when defendant Wyoming Supreme Court refused to accept his appeal from that decision on grounds it was not timely filed. The trial court dismissed the action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. We affirm.

We recently recognized in *Wise v. Bravo*, 666 F.2d 1328 at 1331 (10th Cir. 1981), that the relationship between parent and child is constitutionally protected. As such, "[t]he state's power to legislate, adjudicate and administer all aspects of family law, including determinations of custodial and visitation rights, is subject to scrutiny by the federal judiciary within the reach of the Due Process and/or Equal Protection Clauses of the Fourteenth Amendment." *Id.* at 1332.

Recent Supreme Court opinions make it plain that the state has a compelling interest in the welfare of minor children and his authority to terminate parental rights under certain limited circumstances, so long as it makes that determination in the best interest of the child and after a hearing. *See Lassiter v. Dept. of Social Services*, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981); *Quilloin v. Walcott*, 434 U.S. 246, 98 S.Ct. 549, 54 L.Ed.2d 511 (1978); *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). Wyoming provides by statute that:

> "[a]ny parent who abandons a child, fails without just cause for one (1) year or more to support and maintain a child under the age of eighteen (18) years or abuses or neglects a child may have his permanent care, control and custody of the child transferred to some other person, agency or institution and may have

all his parental rights to the child terminated."

Wyo.Stat. § 14–2–301 (1977). No order terminating parental rights may be entered in Wyoming without a hearing. *Id.* § 14–2–305(a). It is apparent from Blair's complaint and exhibits attached thereto that Judge Spangler held a full hearing at which Blair testified and was represented by counsel. Thereafter, the Judge found that Blair willfully failed to contribute to the support of his child for one year and that it would be in the best interests of the child to be adopted by his stepfather, with whom he had been living since his mother and stepfather's marriage.

■ Blair does not attack the Wyoming statute on termination of parental rights as unconstitutional, nor claim that his rights were terminated without a due process hearing. Rather, he contends the Wyoming court did not have subject matter jurisdiction to terminate his parental rights because the custody of his child had previously been determined by a Colorado court. *See* Wyo.Stat. § 20–5–115(a); *but see id.* § 14–2–301. Blair's pleadings show that he raised this jurisdictional claim in the Wyoming trial court and that it was decided against him. Consequently, he is precluded from relitigating this issue in federal court. *See Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Robbins v. District Court,* 592 F.2d 1015 (8th Cir. 1979), *cert. denied,* 444 U.S. 852, 100 S.Ct. 107, 62 L.Ed.2d 69 (1979); *Spence v. Latting,* 512 F.2d 93 (10th Cir. 1975). The same is true of Blair's contention that the finding of non-support is erroneous under the evidence.[1] The section 1983 claim against defendant Spangler was properly dismissed.

■ Blair's claim against the Wyoming Supreme Court is based on its dismissal of his appeal as untimely. Blair contends his appeal was not timely filed because his attorney was unaware of a change in the Wyoming rules of appellate procedure that allegedly was made arbitrarily and without proper notice. Blair argues that under these circumstances he was denied due process by the Wyoming Supreme Court's refusal to accept the appeal.

Defendants point out that where a fair trial is provided on the merits, a state is not required by the due process clause of the Fourteenth Amendment to provide appellate review. *See, e.g., Lindsey v. Normet,* 405 U.S. 56, 77, 92 S.Ct. 862, 876, 31 L.Ed.2d 36 (1972); *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). "When an appeal is afforded, however, it cannot be granted to some litigants and capriciously or arbitrarily denied to others without violating the Equal Protection Clause." *Lindsey,* 405 U.S. at 77, 92 S.Ct. at 876. There is no allegation in this case that the Wyoming Supreme Court arbitrarily dismissed Blair's appeal as untimely while permitting other untimely appeals. Blair has failed to state a claim of constitutional dimension against the Wyoming Supreme Court, and his section 1983 action was properly dismissed against this defendant as well.

AFFIRMED.

---

1. We need not decide whether the doctrine of res judicata applies to bar relitigation of all issues which Blair could have raised in the Wyoming proceedings, *see Allen v. McCurry,* 449 U.S. at 94, 101 S.Ct. at 414, because here Blair only seeks to relitigate issues identical to those he raised in state court. Under such circumstances, collateral estoppel is clearly operative.