**Robert B. VANCE, D.O., Plaintiff,**

**v.**

**Robert O. BOWEN, Department of Registration, Director of Department of Registration of the State of Utah; Catherine Greenwood; Keigo Hase; and Leland Shafer, Defendants.**

No. C–83–1212A.

United States District Court,
D. Utah, C.D.

Feb. 13, 1984.

John A. Burgess, Berkeley, Cal., and M. Richard Walker, Walker, Hintze & Brown, Salt Lake City, Utah, for plaintiff.

David L. Wilkinson, Atty. Gen., Stephen G. Schwendiman, Chief Asst. Atty. Gen., and John C. Baldwin, Asst. Atty. Gen., Salt Lake City, Utah, for defendants.

## MEMORANDUM DECISION

ALDON J. ANDERSON, Chief Judge.

Plaintiff's Motion for Preliminary Injunction came on for hearing on the 13th day of January, 1984, before the Honorable Aldon J. Anderson, District Judge. The court heard the evidence and argument of counsel and herewith enters its memorandum decision denying plaintiff's request for injunctive relief.

Plaintiff Robert B. Vance is trained as an osteopathic physician and surgeon and has been licensed as such in Utah since approximately 1961. In the past, plaintiff has served in various professional societies and positions, including the Osteopathic Committee of the Utah Board of Examiners.

In September 1980, plaintiff was charged with 37 violations of UTAH CODE ANN. § 58–12–36, relating to unprofessional conduct in the practice of medicine. During January and February, 1981, plaintiff appeared before a duly noticed revocation hearing of the Osteopathic Committee of the State of Utah, Division of Registration (the "Committee"). Following the hearing, the Committee found eight of the 37 charges to be substantially supported by the evidence and recommended that plaintiff's license to practice be revoked. The Director of the Utah Division of Registration adopted the findings and conclusions of the Committee and entered an order of revocation on February 6, 1981.

Plaintiff appealed the revocation to the state district court on the ground that the Committee acted "capriciously, arbitrarily, and that the Findings are wholly unsupported by the facts and the law." Notice of Appeal dated February 9, 1981, Plaintiff's Exhibit 1. On December 3, 1981, the district court upheld the revocation of plaintiff's license.

Plaintiff appealed the district court decision to the Utah Supreme Court. On August 11, 1983, the Utah Supreme Court sustained the revocation in Vance v. Fordham, 671 P.2d 124 (Utah 1983). The court held that neither the failure of one of the Committee members to meet statutory qualifications nor the standard of professional conduct used by the Committee deprived plaintiff of due process of law. The court also found that the Committee's findings were substantially supported by the evidence. The court rejected plaintiff's motion for rehearing and granted a limited stay for the sole purpose of allowing a stay to be requested from the United States Supreme Court. On December 10, 1983, Justice White of the United States Supreme Court denied plaintiff's application for a stay.

On October 26, 1983, plaintiff commenced an action under 42 U.S.C. § 1985(3) against the State of Utah, the Director of the Department of Registration and the members of the Committee. On November 1, 1983, plaintiff amended his complaint, dropping the State of Utah as a defendant and adding a claim under 42 U.S.C. § 1983. The gravamen of plaintiff's § 1983 claim is that three errors occurred during the revocation proceedings the effect of which was to deny plaintiff equal protection and due process of law. First, plaintiff was charged with violating UTAH CODE ANN. § 58–12–36, governing unprofessional conduct in the practice of medicine. Plaintiff claims that osteopathic surgeons are governed by standards of "unprofessional conduct" contemplated in UTAH CODE ANN. § 58–12–18, and not section 58–12–36. Plaintiff claims that this disparity resulted in a denial of his appeal rights under section 58–12–18 without due process of law and in violation of § 1983. Second, plaintiff claims that the hearing was conducted by an improperly constituted Committee

because one of the Committee members had not been a resident of Utah for three years and had not been licensed to practice in Utah for five years as required by UTAH CODE ANN. § 58–1–6. Plaintiff claims that the Committee thus lacked authority to conduct the revocation hearing and enter its findings and recommendations, and that the defendants intentionally withheld this fact from him. Third, plaintiff claims that defendants never clearly defined or promulgated standards of what constituted "unprofessional conduct" for osteopathic surgeons prior to the revocation hearing, thus denying plaintiff his due process rights to be informed of what the state commands or forbids.

The gravamen of plaintiff's § 1985 claim is that defendants have entered into an agreement and conspiracy to cause physicians who practice preventative medicine to be deprived of equal protection because of a class based discriminatory animus. At the hearing on the preliminary injunction, plaintiff conceded that he had insufficient evidence to support a preliminary injunction under § 1985.

The court believes that the threatened irreparable harm to plaintiff's reputation and ability to earn a livelihood, absent the benefit of a preliminary injunction, makes it appropriate to fully set forth the reasons underlying the court's denial of injunctive relief.

█ Title 28 U.S.C. § 1738 (1976) provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such state ... from which they are taken." Section 1738 fully applies to issues raised in § 1983 actions, *Haring v. Prosise*, 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983), except where the party to be precluded "did not have a full and fair opportunity to litigate the claim or issue decided by the first court", *Allen v. McCurry*, 449 U.S. 90, 101, 101 S.Ct. 411, 418, 66 L.Ed.2d 308 (1980), or where "special circumstances warrant an exception to the normal rules of preclusion." *Montana v. United States*, 440 U.S. 147, 155, 99 S.Ct. 970, 59 L.Ed.2d 210 (1978). Courts must therefore engage in a twofold analysis to determine if an issue is barred by the principles of res judicata. The court must determine whether: (1) state law would preclude litigation of the issue in a subsequent action; and (2) there are any special circumstances which would justify departing from the usual rules of res judicata. *Haring v. Prosise*, 462 U.S. 306, ——, 103 S.Ct. 2368, 2373, 76 L.Ed.2d 595 (1983); *Slayton v. Willingham*, 726 F.2d 631 (10th Cir.1984).

### A. Preclusion under Utah Law

█ Utah law is clear that res judicata principles apply not only to "issues which were actually raised and decided in a prior action but also to those which could have been adjudicated." *Belliston v. Texaco, Inc.*, 521 P.2d 379, 380 (Utah 1974). *See also Church v. Meadow Springs Ranch Corp.*, 659 P.2d 1045, 1048 (Utah 1983). In the present action, plaintiff raised or could have raised his § 1983 claims in the state court and therefore under Utah law those claims would be barred.

### B. Federal Policy Underlying § 1983 and the Application of Res Judicata Principles

Having concluded that Utah law would bar plaintiff's action under § 1983, the court turns to the policies underlying § 1983 as developed by the Supreme Court to determine if federal law would justify a departure from Utah res judicata principles.

█ Plaintiff concedes, as indeed he must, that claims fully litigated to final judgment in a state forum cannot be relitigated in federal court under the guise of § 1983. *See Allen v. McCurry*, 449 U.S. 90, 94–95, 101 S.Ct. 411, 414–15, 66 L.Ed.2d 308 (1980). The court has carefully examined the complaint in this action, the Utah Supreme Court decision in *Vance v. Fordham*, 671 P.2d 124 (Utah 1983), and the exhibits submitted at the hearing on the preliminary injunction. That review amply

demonstrates that the issues in this action, with the sole exception of plaintiff's § 1985 claim, were actually litigated in the state court proceedings. In essence, plaintiff is asking this court to redetermine the precise questions considered and determined by the Utah Supreme Court in *Fordham*. However, that is not the prerogative of this court.

It is of no consequence whether the district court agrees or disagrees with the determinations of the [state courts] on issues fully raised before and necessarily decided by them. *Res judicata* protects wrong decisions as fully as right ones. It is immaterial that the questions were constitutional in character, ... or that they are now asserted in an action under 42 U.S.C. § 1983.

*Friarton Estates Corp. v. City of New York*, 681 F.2d 150, 158 (2d Cir.1982). The record demonstrates that plaintiff was given every opportunity to present his claims to the state courts and that the state courts ruled on those claims. Plaintiff has not presented this court with any evidence that special circumstances exist justifying departure from the settled rules of preclusion.

Even if this court were to find that the plaintiff's § 1983 claims were not actually litigated in the state court proceedings, plaintiff's claims would still be barred because they could have been raised and litigated in the state forum. *See Spence v. Latting*, 512 F.2d 93 (10th Cir.1975). Although *Spence* was decided before the Supreme Court's decision in *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), *Allen* expressly left open the question of "whether a § 1983 plaintiff who seeks to litigate in a federal court a federal issue which he could have raised but did not raise in an earlier state court suit" is barred by res judicata. *Id.* at 97 n. 10, 101 S.Ct. 416.

Since *Allen*, courts have disagreed as to whether a § 1983 plaintiff is precluded from raising issues in the federal forum that were not actually raised and decided in the state proceedings. *See* 18 C. Wright, A. Miller & E. Cooper, *Fed. Practice and*

*Procedure* § 4471, at 716 (1981); 6 *Fed. Procedure* § 11:148, at 170–71 (L. ed. 1982). However, this court believes that *Spence* and the public policy statements therein contained are controlling. To hold otherwise would lead to "endless or repetitive litigation" and seriously undermine the final judgment of the state courts. *Spence v. Latting*, 512 F.2d at 98.

The application of res judicata invariably results in the shouldering of burdens by plaintiffs who have not asserted federal claims in state court proceedings. But that does not justify this court assuming jurisdiction where a plaintiff has had full opportunity to press his claims through the state court system. There is no support in the Constitution or in § 1983 for the "principle that every person asserting a federal right is entitled to one unencumbered opportunity to litigate that right in a federal district court, regardless of whether that claim has already been decided against him after a full and fair proceeding in state court." *Haring v. Prosise*, 462 U.S. at ——, 103 S.Ct. at 2373.

Accordingly, plaintiff has failed to show a likelihood of success on the merits because the § 1983 claims asserted in the present complaint were actually litigated, or could have been litigated, in the state court proceedings. Under *Spence v. Latting*, 512 F.2d 93 (10th Cir.1975), *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), and *Haring v. Prosise*, 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983), plaintiff's § 1983 action is barred under the doctrine of res judicata. The issuance of a preliminary injunction under such circumstances would be adverse to the public interest and seriously undermine the final judgment of the Utah Supreme Court in *Vance v. Fordham*, 671 P.2d 124 (Utah 1983).

IT IS THEREFORE ORDERED that plaintiff's motion for preliminary injunction is denied.