# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 121

APRIL TERM, A.D. 2020

September 17, 2020

IN THE MATTER OF THE
TERMINATION OF PARENTAL
RIGHTS TO:  NRAE, a minor child,

CODY JOHN NILAND,

Appellant
(Respondent),

v.                                                                                   S-20-0030

STATE OF WYOMING, ex rel.
DEPARTMENT OF FAMILY
SERVICES,

Appellee
(Petitioner).

*Appeal from the District Court of Laramie County*
*The Honorable Steven K. Sharpe, Judge*

*Representing Appellant:*
    Joanne S. Zook, Jacobs Polidora, LLC, Cheyenne, Wyoming.  Argument by Ms. Zook.

*Representing Appellee:*
    Bridget Hill, Wyoming Attorney General; Misha Westby, Deputy Attorney General; Jill E. Kucera, Senior Assistant Attorney General; Wendy S. Ross, Senior Assistant Attorney General.  Argument by Ms. Ross.

*Guardians ad Litem:*
    Dan S. Wilde, Division Deputy; Joseph R. Belcher, Chief Trial and Appellate Counsel, Wyoming Guardians ad Litem Program, a division of the Office of the State Public Defender.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    Cody John Niland appeals from a First Judicial District Court order terminating his parental rights.  Mr. Niland claims that when the district court determined best interests of the child (NRAE) without first conducting an evidentiary hearing, he was denied procedural due process.  We agree and reverse.

*ISSUE*

[¶2]    Did the district court violate Mr. Niland's due process rights when it determined best interests of the child without providing Mr. Niland an opportunity to be heard?

*FACTS*

[¶3]    NRAE was born in 2016.  Shortly thereafter, NRAE and her mother, Tralia Evans, tested positive for methamphetamine.  Ms. Evans was arrested for child endangerment, and NRAE was placed in the custody of the Department of Family Services (the Department).  NRAE has remained in foster care since birth.

[¶4]    Ms. Evans named Mr. Niland as NRAE's alleged father.  The Department struggled to find Mr. Niland—sometimes he was homeless, other times he was incarcerated.  When the Department eventually located him, it scheduled genetic testing.  The results established Mr. Niland as NRAE's biological father.

[¶5]    The Department received the genetic testing results on October 22, 2018.  A caseworker, Athena Loftus, wrote to Mr. Niland to engage him in the case plan.  Mr. Niland responded by letter received on December 21, 2018.  He expressed an interest in NRAE and asked that the child be placed with him.

[¶6]    During this time, the Department made efforts to rehabilitate and reunify NRAE with Ms. Evans, but these efforts were "unsuccessful."[1]  Ms. Evans continued to struggle with sobriety and stability.  Although Ms. Evans completed substance abuse treatment and parenting classes, in October 2017 she lost her job and was arrested on drug-related charges.  Since that time, she has not made contact with NRAE and has made no

---

[1] The Department's reasonable efforts to reunify Ms. Evans with NRAE, included but were not limited to:
> developing a case plan; providing visitation services; providing referrals for substance abuse evaluation and treatment; providing referrals and payment for urinalysis testing; providing referrals for individual counseling; arranging foster care placement of the minor child; providing information about the child's wellbeing to [Ms.] Evans; participation in and recommendations to the Multi-Disciplinary Team and Juvenile Court; and supervising the case.

provision for her support. As a result, the permanency goal was changed from reunification to adoption in 2018.

[¶7] The Department filed a *Petition for Termination of Parental Rights* as to Ms. Evans and Mr. Niland on March 25, 2019. It alleged three grounds for termination: (1) the child had been left in the care of another person without provision for the child's support and without communication from the absent parent for a period of at least one year (Wyo. Stat. Ann. § 14-2-309(a)(i)); (2) the child had been in foster care under the responsibility of the State of Wyoming for fifteen of the most recent twenty-two months (Wyo. Stat. Ann. § 14-2-309(a)(v)); and (3) the child was abandoned at less than one year of age and has been abandoned for at least six months (Wyo. Stat. Ann. § 14-2-309 (a)(vi)). Mr. Niland answered, pro se. He made clear that he did not wish to surrender his parental rights. The Department then served Mr. Niland with discovery, including requests for admissions. These requests, if conceded, would establish the grounds for termination. Mr. Niland failed to respond. *See* W.R.C.P. 36(a)(3), (b).

[¶8] On September 6, 2019, the Department filed a *Motion for Summary Judgment against Cody John Niland* based solely on the elements in Wyo. Stat. Ann. § 14-2-309(a)(i): "N.R.A.E. has been left in the care of another person without provision for her support and without communication from Mr. Niland for a period of at least one year." In support of the motion, the Department relied on Mr. Niland's failure to respond to the requests for admissions and on a supporting affidavit of Ms. Loftus. The Department argued the facts deemed admitted were sufficient to support termination. Ms. Loftus attested that NRAE had been in the Department's custody since July 2016 and that Mr. Niland had never met her, communicated with her, or provided for her support. The Department did not raise the question of best interests in its summary judgment motion.

[¶9] Mr. Niland filed a response to the Department's motion for summary judgment through his court-appointed attorney. He conceded that he had left NRAE in the care of another person without provision for her support and without communication. He argued that the one-year time period had not been proven and should be calculated from the date the genetic test results were received—the date he actually had knowledge of his paternity. He also claimed that the Department had not given him the option to work a case plan or to communicate with NRAE. Mr. Niland argued he did not have "a fair opportunity" to show he could provide financial support for his child.

[¶10] The district court held a summary judgment hearing. The Department, the guardian ad litem, Mr. Niland, and Ms. Evans participated. No evidence was presented, and no argument was made on whether termination was in NRAE's best interests. On October 25, 2019, the district court entered summary judgment in favor of the Department, finding clear and convincing evidence existed to terminate Mr. Niland's

parental rights to NRAE under Wyo. Stat. Ann. § 14-2-309(a)(i).[2]   The court found, "[r]egardless of when Mr. Niland knew he was N.R.A.E.'s father, a period of at least one year has lapsed in which he has not communicated with N.R.A.E. or provided any support."  No findings were made on NRAE's best interests.

[¶11]  On October 30, 2019, the Department filed a *Motion for Best Interests Finding and Order Terminating Parental Rights*.  The Department asked the district court to find "that termination of [Ms.] Evans['s] and [Mr.] Niland's parental rights to N.R.A.E. is in the child's best interests and to enter an[] order terminating their parental rights[.]"  The Department asserted that the district court "can use the evidence already presented for summary judgment to find that it is in N.R.A.E.'s best interests to terminate her parents' parental rights."  It requested a hearing only if the court determined evidence contained in the record insufficient for a best interests finding.  Eight days later—without hearing and before Mr. Niland's time to respond to the motion had elapsed—the district court granted the Department's motion.  It found, "based on evidence presented in the record, that it is in the best interests of NRAE to terminate the parental rights of [Ms.] Evans and [Mr.] Niland" and entered an order terminating parental rights.  Mr. Niland appeals.[3]

### *STANDARD OF REVIEW*

[¶12]  The question of whether an individual was afforded constitutional due process is one of law, which we review de novo.  *Booth v. Booth*, 2019 WY 5, ¶ 11, 432 P.3d 902, 907 (Wyo. 2019); *see also KC v. State*, 2015 WY 73, ¶ 16, 351 P.3d 236, 241 (Wyo. 2015); *In interest of DT*, 2017 WY 36, ¶ 23, 391 P.3d 1136, 1143 (Wyo. 2017).  We have explained our standard of review as follows:

> The party claiming an infringement of his right to due process has the burden of demonstrating both that he has a protected interest and that such interest has been affected in an impermissible way.  The question is whether there has been a denial of fundamental fairness.

*In re MC*, 2013 WY 43, ¶ 29, 299 P.3d 75, 81 (Wyo. 2013) (quoting *In re KMO*, 2012 WY 100, ¶ 30, 280 P.3d 1216, 1224 (Wyo. 2012)).  The touchstones of due process are notice and the opportunity to be heard, which must be appropriate and proportional to the nature of the case.  *KC*, ¶ 16, 351 P.3d at 241.  We apply strict scrutiny in determining whether the procedural due process provided in a termination case complies with the

---

[2] The summary judgment order found grounds existed to terminate Mr. Niland's parental rights but did not result in an order of termination.

[3] Ms. Evans does not appeal the termination order.

constitution.  *MB v. Laramie Cty. Dep't of Family Servs. in Interest of LB*, 933 P.2d 1126, 1129–30 (Wyo. 1997).

### DISCUSSION

[¶13]  Mr. Niland's protected interest is well established.  Parental rights are fundamental rights and are protected by both federal and state constitutions.  *In re HC*, 983 P.2d 1205, 1209 (Wyo. 1999); *DS v. Dep't of Pub. Assistance & Soc. Servs.*, 607 P.2d 911, 918–19 (Wyo. 1980).  These rights are directly affected in a termination action, because "[t]ermination of parental rights 'affect the fundamental liberty of familial association.'" *Interest of VS*, 2018 WY 119, ¶ 25, 429 P.3d 14, 22 (Wyo. 2018) (quoting *In Interest of ECH*, 2018 WY 83, ¶ 21, 423 P.3d 295, 302 (Wyo. 2018)); *see also Matter of Adoption of JLP*, 774 P.2d 624, 628 (Wyo. 1989).  "When addressing fundamental parental rights of constitutional magnitude, courts 'must accommodate to the keenest spirit of procedural due process.'"  *In re Guardianship of MEO*, 2006 WY 87, ¶ 38, 138 P.3d 1145, 1156 (Wyo. 2006) (quoting *Matter of BJB*, 888 P.2d 216, 219 (Wyo. 1995)).

[¶14]  Severing the parent-child relationship is a two-step process.  Wyoming statutes set forth grounds for termination.  Wyo. Stat. Ann. § 14-2-309.  First, the Department must establish grounds for termination by clear and convincing evidence.  Wyo. Stat. Ann. § 14-2-309(a).  Next, if the Department establishes grounds for termination, the court must determine whether termination of parental rights is in the best interests of the child. The requirement to consider the best interests of the child arises from case law.  *See Blair v. Supreme Court of State of Wyo.*, 671 F.2d 389, 390 (10th Cir. 1982); *Interest of RAA*, 2016 WY 117, ¶ 23, 384 P.3d 1156, 1161 (Wyo. 2016); *In re FM*, 2007 WY 128, ¶ 22, 163 P.3d, 844, 850 (Wyo. 2007); *In re MN*, 2007 WY 189, ¶ 7, 171 P.3d 1077, 1081 (Wyo. 2007); *In re ZMETS*, 2012 WY 68, ¶¶ 7, 17, 276 P.3d 392, 394, 397 (Wyo. 2012); *DS*, 607 P.2d at 917–19 (interpreting best interests under repealed statute); *In Interest of JL*, 761 P.2d 985, 989, 993 (Wyo. 1988); *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N.C.*, 452 U.S. 18, 24, 101 S.Ct. 2153, 2158, 68 L.Ed.2d 640 (1981).  The district court is required to hold a hearing on a termination of parental rights petition.  Wyo. Stat. Ann. § 14-2-312 (LexisNexis 2019) ("When a [termination] petition is filed and presented to the judge, the judge shall set the petition for hearing."); *see also JLP*, 774 P.2d at 628 ("no order terminating parental rights may be entered without a hearing" (citing *Blair*, 671 F.2d at 391)).  Both statutory grounds for termination and the child's best interests are essential findings and must be examined by the court.  *FM*, ¶ 22, 163 P.3d at 850.

[¶15]  Here, the court found the Department established statutory grounds for termination by clear and convincing evidence—NRAE was left in the care of another person without provision for support or communication for a period of over one year.  Wyo. Stat. Ann. § 14-2-309(a)(i). On appeal, Mr. Niland does not contest that conclusion.  He argues that he was not given an opportunity to be heard on the question of whether termination was in NRAE's best interests.  He submits that he was entitled to a "dedicated hearing" on

4

NRAE's best interests. In response, the Department argues that neither the termination statutes nor Wyoming case law require a separate hearing to determine the best interests of the child. We agree that a separate hearing is not required. There is no reason that the best interests inquiry cannot be part of the same hearing where the court considers the statutory grounds for termination.

[¶16] To terminate parental rights, however, the court must find both that statutory grounds for termination exist **and** that termination is in the best interests of the child. *See Blair*, 671 F.2d at 390 (noting the State has the authority "to terminate parental rights under certain limited circumstances, so long as it makes that determination in the best interest of the child and after a hearing"); *FM*, ¶ 21–22, 163 P.3d at 850. Here, the hearing on summary judgment was limited to whether grounds for termination existed. The district court found clear and convincing evidence of the statutory grounds. There is no indication in the record that the related—and essential—issue of whether termination was in the best interests of the child was raised or considered.

[¶17] Due process requires that, in termination of parental rights proceedings, the parent must be given notice and a meaningful opportunity to be heard on these matters. *KC*, ¶ 16, 351 P.3d at 241; *In re "H" Children*, 2003 WY 155, ¶¶ 38–39, 79 P.3d 997, 1008 (Wyo. 2003); *see also* U.S. Const. amends. V, XIV; Wyo. Const. art. 1, § 6. "Notice and the opportunity to be heard 'are unquestionably incidental to affording due process of law.'" *MEO*, ¶ 34, 138 P.3d at 1156 (quoting *Barker Bros. v. Barker-Taylor*, 823 P.2d 1204, 1208 (Wyo. 1992)); *MEO*, ¶ 38, 138 P.3d at 1156–57 ("One of the basic elements of due process is the right of each party to be apprised of all the evidence upon which an issue is to be decided, with the right to examine, explain or rebut such evidence." (quoting *KES v. CAT*, 2005 WY 29, ¶ 16, 107 P.3d 779, 784 (Wyo. 2005))). These guarantees encompass the opportunity to be heard on the statutory grounds for termination and on the best interests of the child.

[¶18] Mr. Niland was deprived of the opportunity to be heard on the question of best interests. Moreover, he was not afforded time to respond to the Department's *Motion for Best Interests Finding and Order Terminating Parental Rights* before the court entered its "findings" on the best interests of NRAE.[4]

---

[4] Wyoming Rules of Civil Procedure 6(c) governs time as it relates to motions and motions practice. Under W.R.C.P. 6(c)(2), "a party affected by the motion may serve a response, together with affidavits, if any, at least three days prior to the hearing on the motion or within 20 days after service of the motion, whichever is earlier." W.R.C.P. 6(c)(2). Absent a different period of time fixed by rules or the court, a judge may not have discretion to shorten the time for response. *Pare v. Dubuc*, 692 A.2d 1198, 1200 (R.I. 1997). Here, the district court issued its order terminating Mr. Niland's parental rights eight days after the Department filed its motion. Mr. Niland was entitled to a twenty-day window in which to file his response to the Department's motion under W.R.C.P. 6(c)(2), but he was deprived of that opportunity.

[¶19]   Mr. Niland has a protected interest in his right to parent, *ECH*, ¶ 21, 423 P.3d at 302, and that interest was affected "in an impermissible way." *MC*, ¶ 29, 299 P.3d at 81 (quoting *KMO*, ¶ 30, 280 P.3d at 1224).  The termination of Mr. Niland's parental rights before he had the opportunity to respond to the Department's motion to present evidence or to examine, explain, or rebut evidence on NRAE's best interests was a "denial of fundamental fairness" guaranteed by Wyoming law.  *"H"*, ¶ 38, 79 P.3d at 1008; *MEO*, ¶ 38, 138 P.3d at 1156–57.

## *CONCLUSION*

[¶20]   Mr. Niland was denied due process when the district court determined the best interests of the child without providing an opportunity for him to be heard.  We must therefore reverse and remand.